**James P. Connor (*pending pro hac vice*)**
**U.S. SECURITIES AND EXCHANGE COMMISSION**
**100 F Street, NE**
**Washington, DC 20549**
**Telephone: (202) 551-8394 (Connor)**
**Email:  Connorja@sec.gov**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Applicant,<br><br>                    v.<br><br>TERRAFORM LABS PTE, LTD. and DO KWON,<br><br>                              Respondents. | No. 21-mc-    (    ) |

### U.S. SECURITIES AND EXCHANGE COMMISSION'S APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS

The U.S. Securities and Exchange Commission ("Commission") respectfully submits this Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas ("Application"), together with the supporting memorandum of law and Declaration of Roger J. Landsman ("Landsman Declaration") and exhibits thereto, based on the following:

1.      Respondents Terraform Labs PTE, Ltd. ("Terraform") and its co-founder and Chief Executive Officer, Do Kwon, have refused to comply with lawful Commission investigative subpoenas for documents and testimony served upon Terraform and Mr. Kwon in September 2021 in connection with the Commission's investigation entitled *In the Matter of*

*Mirror Protocol* (Internal File No. HO-14164) (the "Mirror Protocol Investigation").  As set forth in the Landsman Declaration, Respondents Terraform and Mr. Kwon have refused to comply with the subpoenas because they contend that the subpoenas were not properly served, even though both subpoenas were personally served upon Respondents in New York, NY, in accordance with the governing regulation.  *See* 17 C.F.R. § 201.150(d) ("service [ ] of an [SEC] investigative subpoena . . . may be made by . . . handing a copy to the person required to be served[.]")

2.      On November 1, 2021, counsel for the Commission informed counsel for Terraform and Mr. Kwon that the Commission may seek relief if Terraform and Mr. Kwon did not comply with the subpoenas.  In response, counsel for Terraform and Mr. Kwon again stated that in their view the subpoenas were not "validly issued" and refused to comply with the subpoenas.[1]

3.       The nature of the Mirror Protocol Investigation is set forth in more detail in the Declaration of Roger J. Landsman ("Landsman Declaration"), which is incorporated by reference, and establishes that the subpoenas to Respondents Terraform and Mr. Kwon were lawfully issued.  On May 7, 2021, pursuant to Section 20(a) of the Securities Act [15 U.S.C. § 77t(a)],  Section 21(a) of the Exchange Act [15 U.S.C. § 78u(a)], and Section 42(a) of the Investment Company Act [15 U.S.C. § 80a-41], the Commission issued an Order Directing

---

[1] Respondents Terraform and Kwon also filed a civil complaint in late October 2021 to "quash[ ] the subpoenas" because the Commission's personal service of the subpoenas upon Terraform and Kwon allegedly violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.  See* Complaint, ECF No. 1, at 11, *Terraform Labs PTE, Ltd., et al. v. SEC*, No. 1:21-cv-08701-JPO (S.D.N.Y. October 22, 2021); *but see Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983) (holding that a subpoena enforcement action under Section 21(c) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(c)] "is the exclusive method by which the validity of SEC investigations and subpoenas may be tested in the federal courts.").

Private Investigation and Designating Officers to Take Testimony in the Mirror Protocol

Investigation (the "Formal Order").

4.      Pursuant to the Formal Order, the Commission is investigating whether any

person or entity has violated certain provisions of the federal securities laws, including Section 5

of the Securities Act [15 U.S.C. § 77e], prohibiting the unregistered offer or sale of securities;

Section 6(l) of the Exchange Act ("Exchange Act") [15 U.S.C. § 78f(l)], prohibiting any person

from effecting transactions in a security-based swap with or for a person that is not an eligible

contract participant unless such transaction is effected on a national securities exchange; Section

15(a) of the Exchange Act [15 U.S.C. § 78o(a)], prohibiting acting as an unregistered broker or

dealer; and Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. § 80a–7],

prohibiting securities transactions by unregistered investment companies, in connection with

Terraform's involvement with the Mirror Protocol and its participation in the creation,

promotion, and offer to sell mAssets and MIR tokens to U.S. investors.

5.       The Formal Order designates certain individuals as officers of the Commission

empowered to subpoena witnesses, to take evidence, and to require the production of any records

deemed relevant or material to the investigation, pursuant to Section 19(c) of the Securities Act

[15 U.S.C. § 77s(c)] and Section 21(b) of the Exchange Act [15 U.S.C. § 78u(b)].

6.      On September 17, 2021, one of the designated Commission officers issued two

subpoenas and caused each to be properly served on Respondents Terraform and Kwon on

September 20, 2021.  The subpoenas required Respondents Terraform and Kwon to produce

responsive documents by October 4, 2021 and for Respondent Kwon to testify on October 27,

2021.  Both Respondents refused to produce documents and Respondent Kwon refused to appear

to testify.  The Commission offered to extend the dates for Respondents Terraform and Kwon to

produce documents and for Respondent Kwon to testify, but counsel for Respondents Terraform and Kwon refused to accept the extended dates and have reiterated their position that the subpoenas are unenforceable.

7.      The Commission therefore applies to this Court for entry of an Order to Show Cause, in the form attached, requiring Respondent Terraform and Respondent Kwon to show cause why they should not be ordered to produce documents responsive to the subpoenas within 10 days at the Commission's Headquarters, 100 F Street, NE, Washington, DC 20549; and requiring Respondent Kwon to show cause why he should not be ordered to appear for testimony within 10 days at the Commission's Headquarters, 100 F Street, NE, Washington, DC 20549.[2]

8.      Jurisdiction is conferred upon this Court, and venue properly lies in this District, pursuant to Section 21(c) of the Exchange Act [15 U.S.C. § 78u(c)].

9.      The Commission has not made any other application for similar relief with respect to Respondents Terraform and Kwon, or with the Mirror Protocol Investigation.

10.     Prior to filing this application, the undersigned counsel emailed copies of this application and all accompanying papers to counsel for Respondents Terraform and Kwon.

WHEREFORE, the Commission respectfully requests:

## I.

That the Court enter an Order to Show Cause, directing Respondents Terraform and Kwon to show cause why this Court should not enter an Order requiring Terraform and Kwon to produce documents in response to the subpoenas, and for Respondent Kwon to testify before the Commission.

---

[2] The Commission is amenable to alternative procedures other than in-person testimony due to the COVID-19 pandemic.

**II.**

That the Court enter an Order requiring Respondents Terraform and Kwon to comply fully with the subpoenas within ten (10) days.

**III.**

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas within the time period set forth in the proposed Order to Show Cause.

Respectfully submitted,


/s/ James P. Connor
JAMES P. CONNOR*
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549
Tel:  (202) 551-8394
Email:  connorja@sec.gov

November 12, 2021                              *Pending admission pro hac vice