**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                           Applicant,

          v.

TERRAFORM LABS PTE, LTD. and
DO KWON,

                Respondents.

No. 21-mc-   (   )

---

### U.S. SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING COMPLIANCE WITH SUBPOENAS

James P. Connor (pending *pro hac vice*)
U.S. SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C.  20549
Tel:  (202) 551-8394
Email:  connorja@sec.gov

Dated:  November 12, 2021

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ................................................................ 1

II.     STATEMENT OF FACTS ..................................................................... 2

    A.  Terraform's Creation and Maintenance of the Mirror Protocol.................................. 2

    B.  The Commission's Mirror Protocol Investigation ........................................................ 4

    C.  The Commission's Unsuccessful Efforts to Procure Documents from the
        Respondents Terraform and Kwon and Testimony from Respondent Kwon.............. 6

III.    ARGUMENT .......................................................................................... 8

    A.  Legal Standard ............................................................................................................. 9

    B.  The Commission is Conducting the Mirror Protocol Investigation for a Legitimate
        Purpose........................................................................................................................ 10

    C.  The Documents and Testimony Sought by the Subpoenas are Relevant to the Mirror
        Protocol Investigation ................................................................................................. 10

    D.  The Commission Does Not Already Possess The Documents and Testimony Sought
        By the Subpoenas........................................................................................................ 11

    E.  The Commission Followed the Requisite Administrative Steps, Including Properly
        Serving the Subpoenas Upon Respondents Terraform and Kwon............................. 12

IV.    CONCLUSION....................................................................................... 15

## TABLES OF AUTHORITIES

**Cases**

*Gucci Am., Inc. v. Weixing Li,*
    135 F. Supp. 3d 87 (S.D.N.Y. 2015) ................................................................ 13

*In re Edelman,*
    295 F.3d 171 (2d Cir. 2002) ............................................................................. 13

*In re McVane,*
    44 F.3d 1127 (2d Cir. 1995) ...................................................................... 9, 10, 11

*RNR Enters., Inc. v. SEC,*
    122 F.3d 93 (2d Cir. 1997) ........................................................................ 9, 10, 11

*SEC v. Arthur Young & Co.,*
    584 F.2d 1018, 1021 (D.C. Cir. 1978) ................................................................ 9, 11

*SEC v. Jerry T. O'Brien, Inc.,*
    467 U.S. 735 (1984) ......................................................................................... 9

*SEC v. O'Brien,*
    2019 WL 7207485 (S.D.N.Y. Dec. 27, 2019) ......................................................... 12

*Sprecher v. Graber,*
    716 F.2d 968 (2d Cir. 1983) ................................................................................ 8

*United States v. Morton Salt Co.,*
    338 U.S. 632 (1950) ......................................................................................... 9

*United States v. Powell,*
    379 U.S. 48 (1964) ........................................................................................... 9

**Statutes & Rules**

15 U.S.C. § 77t(a) ................................................................................................ 4

15 U.S.C. § 78u(a) ................................................................................................ 4

15 U.S.C. § 78f(l) .................................................................................................. 4

15 U.S.C. § 78u(c) .............................................................................................. 8, 9

15 U.S.C. § 80a–7 ................................................................................................. 5

15 U.S.C. § 80a-41 ................................................................................................ 4

17 C.F.R. § 203.8 ................................................................................................... 13, 15

17 C.F.R. § 201.150 ...................................................................................... 7, 13, 14, 15

17 C.F.R. § 232 ............................................................................................................ 13

*SEC Enforcement Manual* §§ 3.3.3, 3.3.7 (Nov. 28, 2017) ........................................... 6

*The Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO* (July 25, 2017) ................................................................................ 10

The Securities and Exchange Commission ("SEC" or the "Commission") respectfully submits this memorandum of law in support of its Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas (the "Application").  For the reasons set forth below, and in the accompanying Declaration of Roger J. Landsman ("Landsman Decl.") and the exhibits thereto, the Commission respectfully requests that the Court enter an Order, in the form attached to the Application, directing Respondent Terraform Labs PTE, Ltd. ("Terraform") and Respondent Do Kwon ("Kwon") to comply with investigative subpoenas dated September 17, 2021 that the Commission lawfully issued and served upon Respondents.

## I.     PRELIMINARY STATEMENT

The Commission is conducting an investigation entitled *In the Matter of Mirror Protocol* (Internal File No. HO-14164) (the "Mirror Protocol Investigation").  The Mirror Protocol is a series of computer code written on a blockchain[1] created by Respondent Terraform through which users create digital assets,[2] called Mirrored Assets or "mAssets," that "mirror" equity securities or other types of securities traded in the United States.  The Mirror Protocol also allows users to obtain Mirror Tokens or "MIR tokens," another digital asset.  The Commission is investigating whether Terraform's involvement with these digital assets violated the registration and other related provisions of the federal securities laws.

---

[1] A blockchain is a type of distributed ledger or peer-to-peer database that is spread across a computer network and records all transactions in the network in theoretically unchangeable, digitally recorded data packages called "blocks."  Each block contains a batch of records of transactions, including a timestamp and a reference to the previous block, so that the blocks together form a chain.  The system relies on cryptographic techniques for securely recording transactions, and can be shared and accessed by anyone with appropriate permissions.

[2] The term "digital asset" or "digital token" generally refers to an asset issued and/or transferred using distributed ledger or blockchain technology, including assets sometimes referred to as "cryptocurrencies," "virtual currencies," digital "coins," and digital "tokens."

Respondents Terraform and Kwon, Terraform's co-founder and CEO, have failed to meaningfully cooperate with the Mirror Protocol Investigation for months.  After a lengthy negotiation regarding the Commission's voluntary document requests during which Terraform indicated they would produce documents, Terraform reversed course and refused to produce any documents.  Respondent Kwon also agreed to an interview under a proffer agreement with the Commission, but then failed to answer multiple lines of relevant questioning.

The Commission then issued and served lawful investigative subpoenas seeking documents and testimony from Respondents, in order to investigate potential violations of the federal securities laws.  But the Respondents have now failed to comply with the subpoenas, refusing to produce documents or provide testimony as required by the subpoenas.  The Commission staff even offered to extend the return dates for the documents and testimony, but Respondents have continued their failure to comply, repeatedly stating, through counsel, that the subpoenas were not validly served, even though they were personally served upon Respondent Kwon in Manhattan and delivered electronically to Respondents' counsel.  The Court should not permit Respondents to continue to impede the Mirror Protocol Investigation and should enforce the properly issued and served subpoenas.  Accordingly, the Commission requests that the Court issue an order to show cause and an order compelling Respondent Terraform to produce documents and for Respondent Kwon to produce documents and to appear for testimony.

## II.    STATEMENT OF FACTS

### A.    Terraform's Creation and Maintenance of the Mirror Protocol

Terraform is a Singapore-incorporated computer programming and digital asset company that launched the Mirror Protocol in December 2020 and continues to maintain and update the network.  (Landsman Decl. ¶¶ 4, 6, 10).  The Mirror Protocol allows users, who may access the

protocol through Terraform's website, to create mAssets that "mirror" the price of equity securities or other types of securities traded in the United States, including securities on U.S. national securities exchanges.  (Landsman Decl. ¶ 6).  The mAssets are created or "minted" when sufficient collateral is deposited in a so-called "smart contract," a computer program designed to execute the terms of a contract when certain triggering conditions are met. (Landsman Decl. ¶ 7).  After mAssets have been minted, they may be traded by investors, including in the United States, through Terraform's website and web application.  (Landsman Decl. ¶ 7).  The total value of mAssets outstanding under the Mirror Protocol is over $437 million.  (Landsman Decl. ¶ 7).

The Mirror Protocol also provides users with the ability to obtain MIR tokens, the "governance token" for the Mirror Protocol.  (Landsman Decl. ¶ 8).  MIR tokens receive value based upon, among other things, fees generated under the Mirror Protocol.  (Landsman Decl. ¶ 8).  Investors have or may acquire MIR tokens through several means, including through entry into a contract with Terraform and through purchasing tokens in the secondary trading market via various digital asset trading platforms, including a prominent U.S.-based trading platform. (Landsman Decl. ¶ 8).  There are approximately 120 million MIR tokens in circulation, with a market capitalization of approximately $407 million.  (Landsman Decl. ¶ 8).

Both mAssets and MIR tokens are offered and available for purchase by U.S. investors through Terraform's web application and various digital asset trading platforms, and U.S. investors have purchased mAssets and MIR tokens.  (Landsman Decl. ¶¶  9, 22).  Respondents Terraform and Kwon promote the Mirror Protocol, mAssets, and the MIR token through, among other means, Terraform's website, web application, social media accounts, podcast interviews, and through U.S. media.  *See, e.g., Our mission is to bring decentralized monies to as many*

*blockchains as possible: Terraform Labs CEO* (July 12, 2021) Yahoo! News

(https://news.yahoo.com/mission-bring-decentralized-monies-many-171201969.html); *Fake*

*Tesla, Apple Stocks Have Started Trading on Blockchains* (July 6, 2021) Bloomberg News

(https://www.bloomberg.com /news/articles/2021-07-06/fake-tesla-apple-stocks-have-started-

trading-on-blockchains); (Landsman Decl. ¶ 9).  Terraform also entered into a contract with a

U.S.-based digital asset trading platform concerning the listing of MIR tokens.  (Landsman Decl.

¶ 9).

      Terraform is not registered with the SEC in any capacity.  (Landsman Decl. ¶ 11).  For

example, Terraform has not registered any offering of securities pursuant to the Securities Act of

1933 ("Securities Act"), nor has it registered the mAssets or MIR tokens as a class of securities

under the Securities Exchange Act of 1934 ("Exchange Act").  (Landsman Decl. ¶ 11).

**B.**      **The Commission's Mirror Protocol Investigation**

      On May 7, 2021, pursuant to Section 20(a) of the Securities Act [15 U.S.C. § 77t(a)],

Section 21(a) of the Exchange Act [15 U.S.C. § 78u(a)], and Section 42(a) of the Investment

Company Act [15 U.S.C. § 80a-41], the Commission issued an Order Directing Private

Investigation and Designating Officers to Take Testimony in the Mirror Protocol Investigation

(the "Formal Order").  (Landsman Decl. ¶ 11).  The SEC staff provided a copy of the Formal

Order to counsel for Respondents Terraform and Kwon on October 5, 2021.  (Landsman Decl. ¶

12, n.4).  The Mirror Protocol Investigation includes inquiry into whether any person or entity

has violated certain provisions of the federal securities laws, including Section 5 of the Securities

Act [15 U.S.C. § 77e], prohibiting the unregistered offer or sale of securities; Section 6(l) of the

Exchange Act ("Exchange Act") [15 U.S.C. § 78f(l)], prohibiting any person from effecting

transactions in a security-based swap with or for a person that is not an eligible contract

participant unless such transaction is effected on a national securities exchange; Section 15(a) of

the Exchange Act [15 U.S.C. § 78o(a)], prohibiting acting as an unregistered broker or dealer;

and Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. § 80a–7], prohibiting

securities transactions by unregistered investment companies, in connection with Terraform's

involvement with the Mirror Protocol and its participation in the creation, promotion, and offer

to sell mAssets and MIR tokens to U.S. investors.  (Landsman Decl. ¶ 3)

During the course of its investigation, the SEC staff determined that it was necessary to

seek documents from Respondents Terraform and Kwon regarding, among other topics:

investors who purchased MIR tokens from Terraform; Terraform's marketing and promotion of

the Mirror Protocol, MIR tokens, and mAssets, including Terraform's and Kwon's

communications with investors; Terraform's ability to control, effect or change the Mirror

Protocol; Terraform's agreements with third parties regarding the sale or transfer of mAssets and

MIR tokens, and Terraform's organizational chart.  (Landsman Decl. ¶ 30)  The Commission

staff attempted to obtain these documents through a voluntary document request to counsel for

Respondents Terraform and Kwon in July 2021, as well as numerous follow-up negotiations with

counsel.  (Landsman Decl. ¶¶ 16-25 and Decl. Ex. 3-7)  After months of negotiations, during

which counsel for Respondents Terraform and Kwon initially stated that Terraform could

produce documents responsive to certain of the requests, Terraform ultimately refused to

produce any documents on a voluntary basis.  (Landsman Decl. ¶¶ 18, 20, 40; Decl. Ex. 7).

The Commission staff also interviewed Respondent Kwon by videoconference pursuant

to a proffer agreement between the parties, under which statements made by Respondent Kwon

could not be used against him or Respondent Terraform in subsequent proceedings, except that

the Commission may use statements made during the proffer session as a source of leads to

discover additional evidence and for impeachment or rebuttal purposes if Respondents Kwon or

Terraform testifies or argues inconsistently in a subsequent proceeding.  (Landsman Decl. ¶ 14);

*SEC Enforcement Manual* §§ 3.3.3, 3.3.7 (Nov. 28, 2017) (available at

https://www.sec.gov/divisions/enforce/enforcementmanual.pdf).  During the proffer interview,

Respondent Kwon was unable to provide specific information or failed to answer questions in a

number of topic areas, including Terraform's relationship with a U.S.-based digital asset trading

platform, its contacts with third parties regarding the sale of MIR tokens, the corporate structure

of Terraform, whether Terraform owned any MIR tokens, and Terraform raising capital in

connection with the Mirror Protocol.  (Landsman Decl. ¶ 15).

The information sought by the Commission on a voluntary basis was directly relevant to

the Mirror Protocol Investigation and it was clear after Respondent Kwon's proffer and

Respondent Terraform's refusal to produce documents that the SEC would not be able to obtain

it on a purely voluntary basis.  Accordingly, the SEC staff determined that it was necessary to

issue a document subpoena to Respondents Terraform and Kwon and a testimony subpoena to

Respondent Kwon.  (Landsman Decl. ¶¶ 30, 31).

**C.     The Commission's Unsuccessful Efforts to Procure Documents from Respondents
        Terraform and Kwon and Testimony from Respondent Kwon**

On September 17, 2021, pursuant to the Formal Order, the SEC staff issued two

subpoenas, one requiring Respondent Terraform to produce documents related to the Mirror

Protocol by October 4, 2021 ("Terraform Subpoena"), and the other requiring Respondent Kwon

to produce similar documents by October 4, 2021 and calling for his testimony on October 27,

2021 ("Kwon Subpoena") (collectively, "Subpoenas").  (Landsman Decl. ¶ 29 and Decl. Exs. 8-

9).  On September 20, 2021, Respondent Kwon was personally served with the Subpoenas in

New York, NY.  (Landsman Decl. ¶ 32 and Decl. Exs. 10-11).  The SEC staff also sent the

Subpoenas to counsel for Respondents Terraform and Kwon by email on the same day. (Landsman Decl. ¶ 32 and Decl. Ex. 12).

On September 28, 2021, the SEC staff spoke with counsel for Respondents Terraform and Kwon regarding the Subpoenas.  (Landsman Decl. ¶ 34).  After counsel questioned whether the Subpoenas were properly served, the SEC staff explained that service was proper because the Subpoenas were personally served upon Respondent Kwon in accordance with the governing regulation.  (Landsman Decl. ¶ 34 and Decl. Ex. 13); 17 C.F.R. § 201.150(d) ("[I]f service is of an [SEC] investigative subpoena . . . service may be made by . . . [p]ersonal service – handing a copy to the person required to be served.").

A few days later on October 1, 2021, counsel for Respondents stated that they had "not made a determination regarding our views of whether service [of the subpoenas] was valid" and requested that the subpoenas be "temporarily suspend[ed]" so that the parties could focus on a potential resolution of the SEC's investigation.  (Landsman Decl. ¶ 35 and Decl. Ex. 14).  In response, on October 7, 2021, the SEC staff reiterated that service was proper and offered to extend the date for the start of the production of documents responsive to the Subpoenas to October 29, 2021, offered to move the final deadline for document production to November 30, 2021, and offered to delay Respondent Kwon's testimony pursuant to the Kwon Subpoena from October 27, 2021 to December 15, 2021.  (Landsman Decl. ¶ 36 and Decl. Exs. 15).

On October 22, 2021, Respondent Terraform and Kwon filed a civil action in this Court in relation to the subpoenas served on Respondents Kwon and Terraform.  *See* Compl., ECF No. 1, *Terraform Labs PTE, Ltd., et al. v. SEC*, No. 1:21-cv-08701-JPO (S.D.N.Y. Oct. 22, 2021). Among other things, the complaint requests that the Court "quash[ ] the subpoenas" because the Commission's personal service of the subpoenas upon Terraform and Kwon allegedly violated

the Administrative Procedure Act, 5 U.S.C. § 702, *et seq. Id.* at 11; *but see Sprecher v. Graber*, 716 F.2d 968, 974 (2d Cir. 1983) (holding that a subpoena enforcement proceeding under Exchange Act Section 21(c) [15 U.S.C. § 78u(c)] "is the exclusive method by which the validity of SEC investigations and subpoenas may be tested in the federal courts").

On November 1, 2021, in light of the civil action filed by Respondents and the fact that the return dates for documents and testimony required by the Subpoenas had passed without Respondents' compliance, the SEC staff asked Respondents' counsel whether they intended to comply with the Subpoenas. (Landsman Decl. ¶ 39 and Decl. Ex. 18). The SEC staff further advised that the Commission may seek appropriate relief if Respondents continued to defy the subpoenas. (Landsman Decl. ¶ 39 and Decl. Ex. 18). Counsel for Respondents Terraform and Kwon again responded that in their view the subpoenas were not "validly issued" and thus were unenforceable. (Landsman Decl. ¶ 39 and Decl. Ex. 18). Neither Terraform nor Kwon has produced a single document responsive to the Subpoenas and Respondent Kwon has not provided testimony as required by the Kwon Subpoena. (Landsman Decl. ¶ 40).

### III.   ARGUMENT

With no legitimate basis, Respondents Terraform and Kwon have refused to produce documents and Respondent Kwon has refused to testify in response to two Commission subpoenas properly issued and served pursuant to the federal securities laws. Respondents' defiance of the Subpoenas is particularly disruptive because of Respondents' role in creating, promoting, and maintaining the very thing (the Mirror Protocol and its associated mAssets and MIR tokens) that the SEC is investigating. Respondents should not be permitted to thwart the Commission's investigation. As set forth in more detail below, the Commission satisfies each of the requirements for enforcement of its Subpoenas, and Respondents Terraform and Kwon have

offered no legitimate reason for their noncompliance.  The Court should therefore order

Respondents to comply with the Subpoenas.

## A.  Legal Standard

It is well settled that the Commission has "broad authority to conduct investigations into

possible violations of the federal securities laws and to demand production of evidence relevant

to such investigations."  *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984).  Section 21(c)

of the Exchange Act [15 U.S.C. § 78u(c)] authorizes the Commission to seek an order from this

Court compelling Respondents to comply with its subpoenas.[3]  Consequently, "[t]he courts' role

in a proceeding to enforce an administrative subpoena is extremely limited."  *RNR Enters., Inc.*

*v. SEC*, 122 F.3d 93, 96-97 (2d Cir. 1997) (quoting *In re McVane*, 44 F.3d 1127, 1135 (2d Cir.

1995) (affirming order directing compliance with Commission subpoenas)).

So long as the information sought is "within the authority of the agency, the demand is

not too indefinite and the information sought is reasonably relevant," the Court should enforce

the Commission's Subpoenas.  *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950).

Thus, to obtain an order enforcing the Terraform Subpoena and the Kwon Subpoena, the

Commission need only demonstrate that the Subpoenas meets four requirements: "[1] that the

investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be

relevant to the purpose, [3] that the information sought is not already within the Commission['s]

possession, and [4] that the administrative steps required . . . have been followed."  *United States*

*v. Powell*, 379 U.S. 48, 57-58 (1964); *RNR Enters.*, 122 F.3d at 96-97; *see also SEC Arthur*

*Young & Co.*, 584 F.2d 1018, 1021, 1024 (D.C. Cir. 1978) (affirming the enforcement of

---

[3]  Pursuant to Exchange Act Section 21(c) [15 U.S.C. § 78u(c)], venue properly lies in this judicial district because the Commission's investigation has been carried on here and Respondents carry on business in this district.  (Landsman Decl. ¶¶ 4, 9, 26-29.)

Commission subpoenas).  "An affidavit from a governmental official is sufficient to establish a *prima facie* showing that these requirements have been met."  *RNR Enters.*, 122 F.3d at 97 (quoting *McVane*, 44 F.3d at 1136).  Here, the Commission satisfies each of the four *prima facie* requirements for enforcement of the Subpoenas, as explained in Sections B through  below.

## B.  The Commission is Conducting the Mirror Protocol Investigation for a Legitimate Purpose

There is no question that the Commission is conducting the Mirror Protocol Investigation for a legitimate purpose, namely, to determine whether there have been any violations of the federal securities laws in connection with Terraform's creation and maintenance of the Mirror Protocol, including its involvement with mAssets and MIR tokens.  (Landsman Decl. ¶¶ 3, 11, 12); *RNR Enters.*, 122 F.3d at 97 (holding that an investigation into potential securities law violations reflects a "legitimate investigatory purpose").  Indeed, the Commission has conducted similar legitimate investigations into persons or entities who use blockchain-enabled means to raise capital or facilitate investment and whether digital assets, such as mAssets and MIR tokens, qualify as securities under the federal securities law.  *See, e.g.*, *the Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934*: *The DAO* (July 25, 2017) (advising "those who would use . . . distributed ledger or blockchain-enabled means for capital raising[] to take appropriate steps to ensure compliance with the U.S. federal securities laws," and finding that the offering of digital assets at issue in that report were investment contracts and, therefore, securities.) (https://www.sec.gov/litigation/investreport/34-81207.pdf).

## C.  The Documents and Testimony Sought by the Subpoenas are Relevant to the Mirror Protocol Investigation

The Commission's Subpoenas seek documents and testimony relevant to the Mirror Protocol Investigation.  (Landsman Decl. ¶¶ 30-31).  To satisfy this requirement, the

Commission need only show that the information sought is "not plainly incompetent or irrelevant to any lawful purpose." *Arthur Young & Co*., 584 F.2d at 1029 (quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943)).  Courts "defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." *RNR Enters*., 122 F.3d at 97 (quoting *McVane*, 44 F.3d at 1135).  Here, the relevance is obvious:  Respondent Terraform developed and maintains the Mirror Protocol, through which the mAssets and MIR tokens are created, and Respondent Kwon is Terraform's co-founder and CEO.  (Landsman Decl. ¶¶ 3, 6-10).  The Subpoenas seek documents related to, among other things, the identity of investors in MIR tokens; Terraform's presentations to investors in MIR tokens; Terraform's maintenance of the Mirror Protocol; Terraform's marketing and promotion of the Mirror Protocol, MIR tokens, and mAssets; Terraform's contracts with third parties regarding the sale of MIR tokens, the corporate structure of Terraform, and whether Terraform owns any MIR tokens, and whether Terraform has raised capital in connection with the Mirror Protocol.  (Landsman Decl. ¶ 30 and Decl. Exs. 8 and 9).  The Kwon Subpoena also seeks testimony from a critical witness, Terraform's co-founder and CEO (Kwon), regarding similar topics, all of which are highly relevant to the Mirror Protocol Investigation.  (Landsman Decl. ¶¶ 5, 31).

**D.     The Commission Does Not Already Possess The Documents And Testimony Sought By the Subpoenas**

The Commission does not possess the documents sought through the Subpoenas, because Terraform and Kwon have not produced any documents to the Commission, whether in response to the Subpoenas or otherwise (Landsman Decl. ¶ 40).  Without the requested documents, the Commission lacks important information about the Mirror Protocol, mAssets, and the MIR tokens, the subject matters of the SEC's investigation.  (Landsman Decl. ¶ 30).  Consequently,

the SEC has no adequate alternatives to the Subpoenas seeking documents from Respondents Terraform and Kwon.

Similarly, the Commission also does not possess the information sought by the Kwon Subpoena for testimony.  (Landsman Decl. ¶ 31).  Although the SEC interviewed Kwon pursuant to a proffer agreement between the parties, he was unable to provide specific information or failed to answer several relevant questions, including questions regarding Terraform's contracts with third parties regarding the sale of MIR tokens, the corporate structure of Terraform, whether Terraform owned any MIR tokens, and whether Terraform used the Mirror Protocol to raise capital.  (Landsman Decl. ¶ 15).  Moreover, even if Kwon had fully answered all of the Commission's questions in an unsworn interview (and he did not), the Commission would still have a valid basis to seek testimony under oath.  *SEC v. O'Brien*, No. 19 MISC. 468 (KPF), 2019 WL 7207485, at *3 (S.D.N.Y. Dec. 27, 2019), *aff'd sub nom.* 842 F. App'x 652 (2d Cir. 2021) (enforcing an SEC investigative subpoena when subpoena required the witness to answer "the same questions as he was previously asked [in a proffer interview], or [ ] [the] same subject matter.").  Consequently, the SEC has no adequate alternatives to Respondent Kwon's sworn testimony.

**E.      The Commission Followed the Requisite Administrative Steps, Including Properly Serving the Subpoenas Upon Respondents Terraform and Kwon**

The Commission also followed the requisite administrative steps to issue and serve the Subpoenas.  The Commission staff, pursuant to a lawful Formal Order, caused two investigative Subpoenas to be personally served upon Respondent Kwon while he was in Manhattan conducting business on behalf of Terraform as a speaker at a digital asset conference. (Landsman Decl. ¶¶ 26-32).

Personal service of the Subpoenas upon Respondent Kwon was unquestionably proper under the SEC's administrative rules.  Under Rule 8 of the SEC's Rules Pertaining to Investigations [17 C.F.R. § 203.8], service of subpoenas issued in formal investigative proceedings, such as the Mirror Protocol investigation, are required to be effected in the manner prescribed by Rule 232(c) of the SEC's Rules of Practice [17 C.F.R. § 232(c)].  Rule 232(c), in turn, states that service shall be made pursuant to the provisions of Rule 150(b) through (d) of the SEC's Rules of Practice [17 C.F.R. §§ 201.150(b)-(d)].  *Id.*  Rule 150(d) then states that "service [ ] of an investigative subpoena pursuant to 17 C.F.R. § 203.8 [ ] may be made by delivering a copy of the filing," and defines "delivery" as, among other things, "personal service – handing a copy to the person required to be served."  17 C.F.R. § 201.150(d).  Because the SEC personally served Respondent Kwon and he is an authorized agent of Terraform,[4] the Subpoenas were properly served under the SEC's administrative rules and are thus enforceable.

---

[4]  The Court has personal jurisdiction over Respondent Kwon because he was personally served with process and thus "found" in this judicial district.  *See In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002); *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) ("[Exchange Act] Section 27 [15 U.S.C. § 78aa] confers personal jurisdiction over a defendant who is served anywhere within the United States.").  The same is true for Respondent Terraform, as it was served with process through its CEO, *Saint Tropez Inc. v. Ningbo Maywood Indus. & Trade Co.*, No. 13 CIV. 5230 NRB, 2014 WL 3512807, at *4 (S.D.N.Y. July 16, 2014), and purposefully availed itself of the privilege of doing business in the United States, establishing numerous contacts with the United States, such as contracting with a U.S.-based digital asset trading platform to allow trading of MIR tokens on the platform; employing several individuals located in the United States, including its General Counsel; and appearing at U.S.-based digital asset conferences, among other contacts.  Landsman Decl. ¶¶ 4, 9, 28; *Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 97-99 (S.D.N.Y. 2015) (finding personal jurisdiction over a Chinese company based on minimum contacts and ordering compliance with a document subpoena).

Counsel for Respondents Terraform and Kwon has contended in communications with the SEC staff that the Subpoenas were not properly served because the Commission allegedly did not comply with Rule 150(b), which states:

> ***Upon a person represented by counsel.***  Whenever service is required to be made upon a person represented by counsel who has filed a notice of appearance pursuant to § 201.102, service shall be made pursuant to paragraph (c) of this section upon counsel, unless service upon the person represented is ordered by the Commission or the hearing officer.

17 C.F.R. § 201.150(b); (Landsman Decl. ¶ 36).  Because Respondents Terraform and Kwon were represented by counsel, so the argument goes, the Commission was not permitted to personally serve them (and presumably should have served counsel), unless the Commission issued an order allowing for personal service upon Respondents.

This argument fails for three independent reasons.  **First**, counsel for Respondents did not even file the notice of appearance that they contend triggered the obligation to serve only counsel.  (Landsman Decl. ¶ 28); 17 C.F.R. § 201.150(b) ("Whenever service is required to be made upon a person represented by *counsel who has filed a notice of appearance* pursuant to § 201.102 service shall be made pursuant to paragraph (c) of this section upon counsel[.]") (emphasis added).

**Second**, and more fundamentally, notices of appearances are filed in "proceedings" before the Commission, *see* SEC Rule of Practice 102(d)(2) [17 C.F.R. § 201.102(d)(2)], and investigations (which typically occur before proceedings) are not proceedings as defined in Rule 101 of the SEC's Rules of Practice [17 C.F.R. § 201.101(a)(9)].  In any event, although Respondents fault the Commission for not serving through counsel, the Commission staff *delivered* the subpoenas by email to counsel for Respondents Terraform and Kwon on the same day they were served.  (Landsman Decl. ¶ 32 and Decl. Ex. 12).  Respondents' position is

14

particularly misguided, because even had they filed the notice of appearance that they contend

triggered an obligation to serve only counsel under Rule 150(b) [17 C.F.R. § 201.150(b)] (and

they did not), Rule 150(b) then requires the Commission to serve counsel in accordance with

Rule 150(c) [17 C.F.R. § 201.150(c)], which explicitly permits electronic service – the precise

way that the SEC staff delivered the subpoenas to Respondents' counsel.  *See* 17 C.F.R. §

201.150(c) ("Service shall be made electronically[.]").   Through any lens, Respondents' effort to

thwart proper service has no merit.

  **Third**, and most importantly, Rule 150(d) of the SEC's Rule of Practice unequivocally

states that "if service is of an investigative subpoena pursuant to 17 C.F.R. § 203.8, service may

be made by . . . personal service – handing a copy to the person required to be served[.]"

17 C.F.R. § 201.150(d).  That is exactly what the Commission staff did here, so service was

proper under the SEC's administrative rules.

## IV. CONCLUSION

  For the foregoing reasons, the Commission respectfully requests that the Court order

Respondents to show cause why they should not comply with the Subpoenas and, absent such

cause, order Respondents' compliance.

      Respectfully submitted,


      /s/ James P.Connor
      JAMES P. CONNOR*
      U.S. Securities and Exchange Commission
      100 F Street, N.E.
      Washington, D.C.  20549
      Tel:  (202) 551-8394
      Email:  connorja@sec.gov

November 12, 2021      *pending admission pro hac vice*