# EXHIBIT 17

| | |
|---|---|
| **From:** | Senderowitz, Stephen J. <stephen.senderowitz@dentons.com> |
| **Sent:** | Friday, October 22, 2021 7:22 PM |
| **To:** | Landsman, Roger J; Hitchins, Kathleen M |
| **Cc:** | Henkin, Douglas W. |
| **Subject:** | Subpoenas |
| **Attachments:** | #1 USDC SDNY 21 cv 8701 Filed Civil Complaint.pdf |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Kathleen and Roger,

Attached please find a courtesy copy of the complaint filed today in SDNY against the Commission. Service will be made pursuant to applicable rules.

Best regards,

Stephen

**大成 DENTONS**

**Stephen J. Senderowitz**
Partner

What's Next? The answer is Talent. With more than 20,000 people, 12,000 lawyers and 200 locations, Dentons has the talent for what you need, where you need it.

D +1 312 876 8141   |   M +1 312 493 8769   |   US Internal 18141
stephen.senderowitz@dentons.com
Bio   |   Website

Dentons US LLP
233 South Wacker Drive, Suite 5900, Chicago, IL 60606-6361

Fernanda Lopes & Associados > Guevara & Gutierrez > Paz Horowitz Abogados > Sirote > Adepetun Caxton-Martins Agbor & Segun > Davis Brown > East African Law Chambers > Eric Silwamba, Jalasi and Linyama > Durham Jones & Pinegar > LEAD Advogados > Rattagan Macchiavello Arocena > Jiménez de Aréchaga, Viana & Brause > Lee International > Kensington Swan > Bingham Greenebaum > Cohen & Grigsby > Sayarh & Menjra > For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Dentons is a global legal practice providing client services worldwide through its member firms and affiliates. This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. Please see dentons.com for Legal Notices.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERRAFORM LABS PTE LTD. and DO KWON,

    *Plaintiffs,*

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    *Defendant.*

---

Case No. _____

## COMPLAINT

  Plaintiffs Terraform Labs PTE Ltd. ("TFL") and Do Kwon, through their undersigned attorneys, for their Complaint against Defendant United States Securities and Exchange Commission ("SEC") allege as follows:

### SUMMARY OF ACTION

  1. This is a lawsuit under the Due Process Clause of the Fourteenth Amendment, the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (the "'34 Act"), the Administrative Procedure Act, 5 U.S.C. § 500 *et seq.* ("APA"), and the SEC's Rules of Practice (the "SEC's Rules") challenging two subpoenas improperly issued and served by the SEC and the SEC's failure to keep confidential an investigation into the "Mirror Protocol," all in violation of the Due Process Clause, the SEC's Rules, and the APA.

### PARTIES

  2. TFL is a private company located at 80 Raffles Place, #32-01, UOB Plaza, Singapore 048624, and is engaged in software development, computer programming, and related

activities. TFL designs, develops, and builds infrastructure for the next generation of decentralized financial applications.

3. Mr. Kwon is a citizen and resident of the Republic of Korea and is domiciled in the Republic of Korea.[1] Mr. Kwon is the co-founder and Chief Executive Officer of TFL. Before co-founding TFL, Mr. Kwon received a Computer Science degree from Stanford University, was a software engineer at two of the world's largest technology companies, and founded Anyfi, a wireless mesh network startup that built one of the most sophisticated decentralized applications in real-world use. Mr. Kwon was one of Forbes Magazine's "30 Under 30" (Asia - Finance and Venture Capital) in 2019.

4. Defendant SEC is (and was at all relevant times) an agency of the U.S. government subject to the Administrative Procedure Act. *See* 5 U.S.C. § 551(1). It was created by the '34 Act. *See* 15 U.S.C. § 78d.

## JURISDICTION AND VENUE

5. This action arises under the Due Process Clause, the APA, and the '34 Act. Jurisdiction therefore lies in this Court under 28 U.S.C. § 1331. *See also* 5 U.S.C. § 704.

6. Venue is proper in this Court under 28 U.S.C. § 1391(e) because this is an action against an agency of the United States that resides in this judicial district and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

---

[1] By bringing this complaint to contest improper actions by the SEC, neither TFL nor Mr. Kwon are submitting to the jurisdiction of the SEC or to jurisdiction of United States courts for any purpose other than the adjudication of this case.

2

## BACKGROUND

7. TFL is the developer of Terra, a decentralized and open-source public blockchain network, and the Mirror Protocol, a decentralized finance protocol built on Terra that is governed by its stakeholder community, not by TFL or Mr. Kwon.

8. On May 24, 2021, two attorneys from the SEC's Division of Enforcement emailed Mr. Kwon seeking his voluntary cooperation in connection with a formal order of investigation styled *In the Matter of Mirror Protocol*, HO-14164 (the "Formal Order"). The SEC requested Mr. Kwon's voluntary cooperation because it knew that it could not serve subpoenas upon Mr. Kwon or TFL, as it could not secure personal jurisdiction over Mr. Kwon or TFL consistent with the Due Process Clause.

9. TFL and Mr. Kwon retained Dentons US LLP to represent them in connection with the SEC's request. On May 27, 2021, on behalf of TFL and Mr. Kwon, Dentons notified the SEC attorneys who had contacted Mr. Kwon that it represented TFL and Mr. Kwon and provided contact information by email for the Dentons attorneys.

10. Dentons thereafter had multiple conversations with the SEC attorneys regarding the SEC's request, eventually leading to a negotiated agreement whereby Mr. Kwon would be interviewed by the SEC and the SEC agreed that Mr. Kwon's statements during the interview could not directly be used against him or TFL in a subsequent case. The agreement specifically identified Dentons as counsel for Mr. Kwon and TFL.

11. The interview took place by Webex on Thursday, July 8, 2021, and lasted approximately 5 hours. Mr. Kwon and two Dentons partners attended the call, and the two SEC attorneys who had contacted Mr. Kwon (and their supervisor) attended for the SEC.

12. Subsequent to the interview of Mr. Kwon, the SEC requested that Mr. Kwon and TFL voluntarily produce documents. The request (1) in part sought records that were not available

3

and (2) was otherwise so broad and/or defective that, to the extent responsive documents might exist, the requests had to be narrowed and clarified; among other things, the requests evidenced the SEC's misunderstanding of the nature of the Mirror Protocol itself, despite Mr. Kwon's five-hour voluntary interview. Communications between the SEC and Dentons lawyers ensued for the purpose of reaching common ground for the voluntary production of information responsive to the SEC's requests.

13. During the course of these discussions, the Dentons lawyers also requested that the SEC advise how the SEC viewed TFL and Mr. Kwon in connection with its investigation. In a conversation on September 15, 2021, the SEC attorneys advised that they believed that some sort of enforcement action was warranted against TFL and that any cooperation, and implementation of remedial actions as to the Mirror Protocol, would result in a reduced financial sanction as part of any consent agreement. The SEC lawyers were unwilling to specify anything about what they expected regarding the amount of any financial sanction or any potential remedial actions or other cooperation.

14. On the afternoon of September 17, Dentons contacted one of the SEC attorneys ("Attorney 1") and requested that the SEC specifically advise what it believed TFL could do to satisfy the SEC's concerns in connection with the Mirror Protocol. Dentons suggested that the nature of any disposition (whether or not it might involve enforcement proceedings) be put to the side to allow evaluation of what the SEC might be seeking as remediation for its concerns and to determine if TFL was even capable of implementing or otherwise effectuating the type of remediation that the SEC might be seeking, due to the decentralized nature of the Mirror Protocol.

5

15.     Attorney 1 advised Dentons that he would discuss the matter with his colleagues and get back to Dentons. Unbeknownst to Dentons, TFL, or Mr. Kwon, Attorney 1 had earlier that morning signed subpoenas for TFL and Mr. Kwon, who was visiting the United States.

16.     On September 20, 2021, while in New York City attending "Mainnet 2021," a cryptocurrency summit, Mr. Kwon was personally served by an SEC-hired private process service company — appropriately named "Cavalier Courier & Process Service" — with the aforementioned subpoenas, seeking production of documents by TFL and Mr. Kwon and in-person testimony by Mr. Kwon in Washington, D.C. in connection with the SEC's investigation. The SEC subsequently sent copies of the subpoenas to Dentons as counsel for Mr. Kwon and TFL, stating that they had been "served this morning personally" on Mr. Kwon but not suggesting that the SEC was attempting to serve anyone by sending copies to Dentons.

17.     The subpoenas were served on Mr. Kwon in public: Mr. Kwon was approached by the process server as he exited an escalator at the Mainnet summit while on his way to make a scheduled presentation that was not about the Mirror Protocol:



18.     The SEC's service of the subpoenas was, indeed, "Cavalier," as it violated the SEC's own rules, the APA, and the Due Process Clause, and was intended to impermissibly secure personal jurisdiction over Mr. Kwon and TFL in a way that was not legally available to the SEC.

19.     SEC Rule of Practice 150(b) provides that "whenever service is required to be made upon a person represented by counsel who has filed a notice of appearance … service shall be made … upon counsel, unless service upon the person represented is ordered by the Commission

6

or the hearing officer."[2] The SEC is, of course, "required to follow its own regulations." *Cherokee Nation of Oklahoma v. Babbitt,* 117 F.3d 1489, 1499 (D.C. Cir. 1997).

20. After the SEC served plaintiffs, Dentons asked the SEC multiple times to provide proof that the subpoenas were served in accordance with Rule of Practice 150(b), *i.e.*, that the Commission had issued an order permitting service upon Mr. Kwon, as required by its rules applicable to persons represented by counsel. The SEC has provided no such proof.

21. Upon information and belief, the purpose of the SEC serving a subpoena upon Mr. Kwon personally was, in violation of Rule 150(b), an unauthorized attempt to get personal jurisdiction over him. In so doing, the SEC enforcement lawyers failed to follow their own rules of practice and therefore the service upon Mr. Kwon is void *ab initio*. The mere fact that counsel has been retained does not make counsel an agent for service of process on its client. *See generally Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 n.1 (S.D.N.Y. 2006).

22. Indeed, if the SEC lawyers thought otherwise they would have tried to serve subpoenas through Dentons months ago. The SEC attorneys were well aware that TFL and Mr. Kwon's lawyers had consistently maintained that the SEC lacked jurisdiction over TFL and Mr. Kwon, and at no time asked Dentons lawyers whether it was authorized to accept service of subpoenas. The unsolicited receipt of copies of subpoenas the SEC asserted it had served "personally on Do Kwon" by Dentons did not and could not create personal jurisdiction over TFL and Mr. Kwon in connection with the SEC proceeding. *Cf. Santos v. State Farm Fire and Cas.*

---

[2] As noted above, the SEC itself acknowledged, in a letter it wrote, that Dentons is counsel for TFL and Mr. Kwon.

7

*Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) ("Santos has shown no basis for an inference that State Farm had authorized its attorneys to accept service of process on its behalf.").

23. Section 555(c) of the APA provides that "[p]rocess … or other investigative act or demand may not be issued, made, or enforced except as authorized by law." As demonstrated above, the subpoenas here were not issued and served as authorized by law, and they are thus invalid. Section 555(d) of the APA provides that "[o]n contest, the court shall sustain the subpoena or similar process or demand <u>to the extent that it is found to be in accordance with law</u>." (emphasis added). Thus, on this challenge, the Court cannot find the subpoenas valid because they were not issued and served "in accordance with the law."

24. The subpoenas are also invalid as a means of securing jurisdiction over TFL. Indeed, the SEC's attempt at "tag jurisdiction" flies directly in the face of decisions holding that jurisdiction over a corporation cannot be secured by serving a transiting officer or director. *See, e.g., Daimler AG v. Baumann*, 571 U.S. 117 (2014); *Martinez v. Aero Caribbean,* 764 F.3d 1062 (9th Cir. 2014).

25. In addition to violating its rules regarding service, the SEC's conduct here violated its rules requiring it to keep formal orders of investigation confidential. Rule 203.5 of the SEC's Rules Relating to Investigations states that "[u]nless otherwise ordered by the Commission, all formal investigative proceedings shall be non-public." Indeed, the copy of the Formal Order provided to counsel for TFL and Mr. Kwon is specifically stamped "Non-Public." Hiring a "Cavalier" process server to approach Mr. Kwon in public, and announce the purpose of his approach, at a summit attended by more than 2,000 people was, at worst, an intentionally brazen display meant to publicly intimidate and embarrass, and at best reckless, creating social media and press speculation about the incident within minutes of the attempted service of process.

8

## COUNT I

**(Arbitrary and Capricious Agency Action in Disregarding and Violating the APA and the SEC's Rules Regarding Service of Subpoenas)**

26. TFL and Mr. Kwon repeat and reallege the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. Rule 203.8 of the Commission's Rules Relating to Investigations states that "service of subpoenas issued in formal investigative proceedings shall be effected in the manner prescribed by Rule 232(c)." 17 C.F.R. §203.8.

28. Rule 232(c) of the Commission's Rules of Practice, which confirms that "the provisions of this paragraph (c) shall apply to the issuance of subpoenas for purposes of investigations," instructs that "[s]ervice shall be made pursuant to the provisions of § 201.150(b) through (d)." 17 C.F.R.§ 201.232(c).

29. Rule 150(b) provides that "[w]henever service is required to be made upon a person represented by counsel who has filed a notice of appearance pursuant to § 201.102, service shall be made pursuant to paragraph (c) of this section upon counsel, unless service upon the person represented is ordered by the Commission or the hearing officer." 17 C.F.R. § 201.150.

30. As the SEC has acknowledged, Dentons lawyers provided them the information required by Rule 102, and despite the fact that "service upon the person represented" was *not* ordered by the Commission, SEC attorneys proceeded, in disregard of SEC rules, to serve the subpoenas upon Mr. Kwon personally. TFL and Mr. Kwon have been, and will continue to be, adversely affected and aggrieved by the SEC conduct set forth herein.

31. The SEC's conduct was in direct violation of the APA and the SEC's own rules regarding service of process, and was therefore "arbitrary and capricious," as well as "not in accordance with law."

9

32. TFL and Mr. Kwon are therefore entitled to relief under 5 U.S.C. §§ 702 and 706(2)(A) & (C).

## COUNT II

**(Arbitrary and Capricious Agency Action in Disregarding and Violating the SEC's Rules Regarding the Confidentiality of Formal Orders of Investigation)**

33. TFL and Mr. Kwon repeat and reallege the allegations in paragraphs 1 through 25 as if fully set forth herein.

34. TFL and Mr. Kwon have been, and will continue to be, adversely affected and aggrieved by the SEC conduct set forth herein.

35. The SEC's conduct was in direct violation of the APA and the SEC's own rules regarding protecting the confidentiality of formal orders of investigation.

36. TFL and Mr. Kwon are therefore entitled to relief under 5 U.S.C. §§ 702 and 706(2)(A) & (C).

## COUNT III

**(Violation of the Due Process Clause of the Fourteenth Amendment)**

37. TFL and Mr. Kwon repeat and reallege the allegations in paragraphs 1 through 25 as if fully set forth herein.

38. Due Process requires that an agency follow its own regulations and procedures, particularly when those regulations themselves delineate a specific process for exceptions—"unless otherwise ordered by the Commission." In flouting these procedural safeguards, including the specifically prescribed process for setting those safeguards aside, the SEC deprived TFL and Mr. Kwon of the protection those regulations were promulgated to provide.

39. TFL and Mr. Kwon have been, and will continue to be, adversely affected and aggrieved by the SEC conduct set forth herein.

10

40. The SEC's conduct was in violation of the Due Process Clause of the Fourteenth Amendment.

41. TFL and Mr. Kwon are therefore entitled to relief under 5 U.S.C. §§ 702 and 706(2)(B).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order and judgment:

a) Declaring that the Subpoenas were issued and served in violation of the APA and the SEC's Rules of Practice and are null, void, and with no force or effect, and in particular were not effective in securing jurisdiction over TFL or Mr. Kwon;

b) Declaring that the SEC acted arbitrarily and capriciously within the meaning of 5 U.S.C. § 706(2)(A) in issuing and serving the Subpoenas;

c) Quashing the Subpoenas;

d) Declaring that the SEC acted arbitrarily and capriciously within the meaning of 5 U.S.C. § 706(2)(A) in failing to maintain the confidentiality of the Formal Order;

e) Issuing all orders necessary and appropriate to adjourn the compliance dates of the Subpoenas in their entirety and to maintain the status quo pending the conclusion of this case; and

f) Awarding Plaintiffs their reasonable costs, including attorneys' fees, incurred in bringing this action;

g) Awarding Plaintiffs such other and further relief as this Court deems just and appropriate.

11

Dated: October 22, 2021
New York, New York

Respectfully Submitted,

By: /s/ Douglas W. Henkin

Douglas W. Henkin
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
Tel: (212) 768-6700
Fax: (212) 768-6800
douglas.henkin@dentons.com


Stephen J. Senderowitz
DENTONS US LLP
233 S. Wacker Drive
Chicago, Illinois 60606
Tel: (312) 876-8141
Fax: (312) 876-7934
stephen.senderowitz@dentons.com

*Attorneys for Plaintiffs Terraform Labs PTE Ltd. and Do Kwon*

12