大成 DENTONS

**Douglas W. Henkin**

douglas.henkin@dentons.com
D     +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
United States

dentons.com

November 15, 2021

<u>**VIA ECF**</u>

Hon. Gregory H. Woods
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

Re:     *Terraform Labs PTE, Ltd. and DO KWON, v. United States Securities and Exchange Commission,* Case No.: 1:21-cv-08701
*U.S. Securities and Exchange Commission v. Terraform Labs Pte Ltd. et al.*, Case No.: 1:21-mc-00810

Dear Judge Woods:

We are counsel for plaintiffs Terraform Labs PTE, Ltd. ("TFL") and Do Kwon in Case No: 1:21-cv-08701, which has been assigned to Judge Oetken.  We believe that the above-captioned cases are related under Rule 13 of the Rules for the Division of Business Among Judge, Southern District of New York and should be assigned to the same District Judge.

As the SEC acknowledges (Dkt. No. 6), both cases concern the same parties, transactions, and events (Rule 13(a)(1)(A)).  There is a substantial factual overlap between the two cases (Rule 13(a)(1)(B)).  There is a risk of the parties being subjected to conflicting orders (Rule 13(a)(1)(C)). And assignment of the cases to the same judge will avoid duplications of effort and expense by the parties (Rule 13(a)(1)(D)).  Although the SEC stated in its relatedness filing (Dkt. No. 6) that it believes that the action filed by TFL and Mr. Kwon is an inappropriate means to challenge the subpoenas at issue, that itself is an issue that is common to both cases; the SEC can raise that issue as a defense to the action filed by TFL and Mr. Kwon (indeed, the SEC's filings in the second-filed case touch on several allegations in the complaint filed by TFL and Mr. Kwon).

Indeed, it is ironic that the SEC's order to show cause seeks an order allowing service of the papers in the second-filed proceeding on counsel for TFL and Mr. Kwon, precisely what the Complaint alleges the SEC failed to do under the SEC Rule 150(b) with respect to the subpoenas at issue (Compl. ¶ 30).  Not surprisingly, TFL and Mr. Kwon would like to be heard with respect

Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► Eric Silwamba, Jalasi and Linyama ► Durham Jones & Pinegar ► LEAD Advogados ► Rattagan Macchiavello Arocena ► Jiménez de Aréchaga, Viana & Brause ► Lee International ► Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

to the relief the SEC seeks with respect to service, which itself overlaps with the issues raised by the action assigned to Judge Oetken.

      TFL and Mr. Kwon respectfully request that the Court consider assignment of the SEC's proceeding to Judge Oetken pursuant to Rule 13 of the Rules for the Division of Business Among District Judges.  TFL and Mr. Kwon reserve all rights with respect to the SEC's filings (which have not been served on TFL or Mr. Kwon).

Respectfully submitted,

Dentons US LLP

/s/ *Douglas W. Henkin*

Douglas W. Henkin

DWH:bh
cc:     All counsel of record by ECF