

**UNITED STATES  
SECURITIES AND EXCHANGE COMMISSION**  
100 F STREET N.E.  
WASHINGTON, DC 20549-5985

DIVISION OF ENFORCEMENT

James P. Connor  
Trial Counsel  
Direct Dial: 202-551-8394  
connorja@sec.gov

November 17, 2021

<u>VIA ECF</u>

The Honorable J. Paul Oetken  
U.S. District Court for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, NY 10007

Re: **Response to Letter-Motion to Consolidate**  
   <u>***SEC v. Terraform Labs PTE Ltd., et al.***, **No. 2:21-mc-00810-JPO**</u>

Dear Judge Oetken:

The Securities and Exchange Commission ("SEC") respectfully writes to respond to the letter-motion filed by Respondents Terraform Labs PTE, Ltd. and Do Kwon on November 15, 2021, before this case was reassigned from Judge Woods to Your Honor on November 16, 2021. *See* Ltr.-Mot. to Consolidate Cases, ECF No. 8 (Nov. 15, 2021). Respondents appear to request that this action – a miscellaneous application for an order to show cause and an order requiring compliance with SEC investigative subpoenas (the "Subpoena Enforcement Action") – be "consolidate[d]" with a related civil action, *Terraform Labs PTE, Ltd., et al. v. SEC*, 21-cv-8701 (the "Civil Action"), and be assigned to the same District Judge. *See* ECF No. 8 (docket text).

To the extent Respondents only sought related-case treatment, the SEC agrees that the Subpoena Enforcement Action and the Civil Action are related and that it was appropriate to assign both cases to the same District Judge.[1] On the other hand, Respondents styled their filing as a "Letter-Motion to Consolidate Cases" on the Court's Electronic Case Filing system ("ECF"). *See* ECF No. 8 (docket text). To the extent Respondents also sought consolidation of the actions under Rule 42 of the Federal Rules of Civil Procedure, the Court should deny that request because the Subpoena Enforcement Action and the Civil Action are governed by different rules setting forth different procedures and timelines, and are therefore inappropriate for consolidation. *See SEC v. Comm. on Ways & Means of the U.S. House of Representatives*, 161

---

[1] Consistent with our obligation under Local Rule 1.6, the SEC filed a Statement of Relatedness on November 12, 2021; the Court accepted the cases as being related on November 16, 2021; and the Subpoena Enforcement Action was reassigned from Judge Woods to Your Honor on the same day. *See* Statement of Relatedness, ECF No. 6 (Nov. 12, 2021); Docket Entry ("Case Accepted as Related") (no docket number) (Nov. 16, 2021); Docket Entry ("Notice of Reassignment to Judge J. Paul Oetken") (no docket number).

The Honorable J. Paul Oetken
November 17, 2021
Page 2

F. Supp. 3d 199, 224 (S.D.N.Y. 2015) ("The Court also notes that this is a subpoena enforcement application and not a plenary civil lawsuit, and that 'enforcement proceedings may be summary in nature' and 'do not typically involve discovery, testimony from parties or witnesses, or the presentation of evidence.'") (internal citations and quotations omitted); *CSX Transp., Inc. v. Alban Waste, LLC*, No. CIV. JKB-13-1770, 2014 WL 1340041, at *2 (D. Md. Apr. 2, 2014) (denying motion to consolidate when cases were on different schedules); *Valente v. Int'l Follies, Inc.*, No. 1:15-CV-2477-ELR, 2017 WL 9882665, at *3 (N.D. Ga. Sept. 22, 2017) (denying motion to consolidate when it would "dramatically slow down and frustrate the resolution of" one of the cases.); c*f. Fin. Fusion, Inc. v. Ablaise Ltd.*, No. C-06-2451 PVT, 2006 WL 3734292, at *4 (N.D. Cal. Dec. 18, 2006) ("Relation is not consolidation . . . [t]wo related cases may still proceed on different schedules."); 9 C. Wright & A. Miller, *Federal Practice & Procedure: Civil 2d* § 2383 Consolidation – Discretion of Trial Court (3d ed.) ("there are many reasons why a district judge may deny a request for the consolidation of separate cases[,] [f]or example, a motion under Rule 42(a) may be denied if . . . consolidation will cause delay in the processing of one or more of the individual cases.").

Indeed, it is well settled that, unlike civil actions, "subpoena enforcement proceedings are summary in nature." *Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir. 1983) (citing *SEC v. Knopfler*, 658 F.2d 25, 26 (2d Cir. 1981)); *EEOC v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016) ("[s]ubpoena enforcement proceedings are designed to be summary in nature.") (citation omitted). The summary nature of the proceedings is partly because the "[t]he courts' role in a proceeding to enforce an administrative subpoena is extremely limited." *RNR Enterprises, Inc. v. SEC*, 122 F.3d 93, 96 (2d Cir. 1997) (citation omitted); *see also* SEC's Mem. in Supp. of App. for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas, at 9-10, ECF No. 2 (Nov. 12, 2021). The summary nature of the subpoena enforcement actions also means they are "designed to [be] decide[d] expeditiously." *See EEOC v. Roadway Express, Inc.,* 750 F.2d 40, 42 (6th Cir. 1984); *SEC v. First Sec. Bank*, 447 F.2d 166, 168 (10th Cir. 1971) ("Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced").

By way of example, courts in this District typically resolve the SEC's applications for orders to show cause and to require compliance with subpoenas within 30 days, with courts often issuing an order to show cause within one or two business days of the SEC's filing of its application, which in this case was filed on November 12, 2021. *See* Application for an Order to Show Cause and for an Order Requiring Compliance with Subpoenas, ECF No. 1 (Nov. 12, 2021); *see also SEC v. Fauth*, Nos. 1:21-mc-00783-LJL (S.D.N.Y.), 1:21-mc-00783787-ALC (S.D.N.Y.) (SEC subpoena enforcement filed on October 20, 2021; court issued an order to show cause on October 21, 2021; court resolved subpoena enforcement action on November 12, 2021); *SEC v. Carter*, No. 1:18-mc-00182-PGG (S.D.N.Y) (SEC subpoena enforcement action filed on May 2, 2018; court issued order on to show cause on May 3, 2018; court resolved subpoena enforcement action on May 18, 2018).

The Honorable J. Paul Oetken
November 17, 2021
Page 3

There is also no basis to allow Respondent's Civil Action challenging the SEC's subpoenas to delay resolution of the Subpoena Enforcement Action.  This is especially so here, when a subpoena enforcement action "is the ***exclusive method*** by which the validity of SEC investigations and subpoenas may be tested in the federal courts."  *Sprecher*, 716 F.2d at 974. (emphasis added); *Sprecher v. Von Stein*, 772 F.2d 16, 18 (2d Cir. 1985) ("the exclusive method for testing the validity of the SEC's investigatory motives or methods is a contested subpoena enforcement proceeding[.]").  Respondents' disregard of this precedent by filing the Civil Action further shows why the Court should expeditiously resolve the Subpoena Enforcement Action notwithstanding the Civil Action.  *See United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 5 (1st Cir. 1996) ("Subpoena enforcement proceedings are designed to be summary in nature, and an 'agency's investigation should not be bogged down by premature challenges to its regulatory jurisdiction.'") (citation omitted).  To do otherwise would be to permit Respondents' Civil Action to improperly delay resolution of the Subpoena Enforcement Action and allow Respondents to continue to hamper the SEC's investigation.  *See id.*  Indeed, if Respondents have defenses to the Subpoena Enforcement Action, they should be raised in response to an order to show cause, not through a separate civil action.

Accordingly, the SEC respectfully requests that the Court resolve the SEC's application for an order to show cause and an order requiring compliance with SEC investigative subpoenas and deny Respondents' motion to consolidate.

Respectfully submitted,

/s/ James P. Connor
JAMES P. CONNOR
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549

cc:     Douglas W. Henkin (counsel for Respondents Terraform Labs PTE, Ltd. and Do Kwon)