大成 DENTONS

**Douglas W. Henkin**

douglas.henkin@dentons.com
D   +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
United States

dentons.com

November 17, 2021

**VIA ECF**

Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:     ***Terraform Labs PTE, Ltd. et ano. v. SEC,* Case No.: 1:21-cv-08701 (PTO)**
        ***SEC v. Terraform Labs Pte Ltd. et ano.*, Case No.: 1:21-mc-00810 (PTO)**

Dear Judge Oetken:

Terraform Labs PTE, Ltd. ("TFL") and Do Kwon—Plaintiffs in the first-filed civil action referenced above—respectfully submit this response to the letter response filed by the Securities and Exchange Commission ("SEC") in the miscellaneous case referenced above (ECF No. 10, the "Response").  Contrary to the SEC's assertion in the Response, TFL and Mr. Kwon did not seek to consolidate the two cases—the word "consolidate" appears nowhere in their letter (ECF No. 8, the "Relatedness Letter").  The Relatedness Letter clearly sought related-case treatment and reassignment pursuant to Rule 13 of Rules for the Division of Business Among District Judges, and no one reading it could think otherwise even though it was marked with an erroneous ECF designation.[1]

Not surprisingly, the SEC's Response letter concedes that Rule 13 applies, and instead focuses on reiterating the SEC's request to fast-track consideration of its later-filed petition to enforce the subpoenas and avoid full consideration of Plaintiff's claims.  TFL and Mr. Kwon respectfully submit that the Court should decline that relief.

TFL and Mr. Kwon allege that the SEC attempted to serve subpoenas on a foreign national passing through the U.S. despite knowing that the subpoena targets were represented by counsel and without following the SEC's own rules required to authorize such service, in violation of Section 555(c) of the Administrative Procedure Act ("APA"), Rule 150(b) of the SEC's Rules of Practice, and the Due Process Clause of the Fifth Amendment.  The SEC's reliance on *Sprecher v. Graber,* 716 F.2d 968 (2d Cir. 1983), does not address this threshold issue.  *Sprecher* addressed

---

[1]    Due to a clerical error, the Reassignment Letter was inadvertently designated a "Letter Motion to Consolidate Cases" rather than a "Letter" for ECF purposes.

Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► Eric Silwamba, Jalasi and Linyama ► Durham Jones & Pinegar ► LEAD Advogados ► Rattagan Macchiavello Arocena ► Jiménez de Aréchaga, Viana & Brause ► Lee International ► Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

**DENTONS**                              dentons.com

November 17, 2021
Page 2

a wholesale challenge to an SEC *investigation*, including an allegation that a subpoena amounted to harassment.  *Id.* at 970.  In contrast, TFL and Mr. Kwon seek a declaration that the SEC failed to follow *its own rules*, thereby violating the APA's express command that "[p]rocess … or other investigative act or demand may not be issued, made, or enforced except as authorized by law."  5 U.S.C. § 555(c).  In ignoring its own rules, the SEC's conduct was both "arbitrary and capricious" and "not in accordance with law."  *See* Compl., Case No. 1:21-cv-08701, ECF No. 1; 5 U.S.C § 706(2)(A).  *Sprecher* never considered Section 555(d)'s explicit provision for judicial review and is therefore inapposite.

TFL and Mr. Kwon believe that the Court should address their claims under the APA and SEC Rule 150(b) prior to the SEC's petition to enforce under the *Powell* factors.  If the subpoenas were issued in violation of the APA and the SEC's own rules, an issue that can be addressed quickly and without discovery, there would be no need to address their substance and scope or any issues relating to the sufficiency of service on TFL.  TFL and Mr. Kwon therefore propose the following briefing schedule in their civil action:

- By December 23, 2021, TFL and Mr. Kwon will move for summary judgment as to whether the subpoenas were issued in accordance with the APA and the SEC's Rules of Practice.

- By January 20, 2022, the SEC will file its opposition.

- By February 9, 2022, TFL and Mr. Kwon will file their reply.

Given that the SEC's response to the Complaint is due December 27, 2021, this proposed schedule would result in a more rapid resolution of the core issues raised by both the Complaint and the SEC's later-filed proceeding.  In the event the SEC objects, TFL and Mr. Kwon suggest that the Court schedule a conference to address these issues.

TFL and Mr. Kwon are available at the Court's convenience to answer any questions the Court may have.

Respectfully submitted,

Dentons US LLP

*/s/ Douglas W. Henkin*

Douglas W. Henkin

cc:     All counsel of record by ECF