大成 DENTONS

Douglas W. Henkin

douglas.henkin@dentons.com
D  +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
United States

dentons.com

December 28, 2021

**VIA ECF**

Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *SEC v. Terraform Labs Pte Ltd. et ano.*, **Case No.: 1:21-mc-00810 (PTO)**

Dear Judge Oetken:

We write on behalf of Respondents Terraform Labs PTE, Ltd. ("TFL") and Do Kwon in response to the U.S. Securities and Exchange Commission's ("SEC") late-filed Reply in Support of Application for an Order Requiring Compliance with Subpoenas ("Reply," ECF No. 22). The Reply should be struck. But if the Court does not strike it, it should give TFL and Mr. Kwon an opportunity to respond by sur-reply. In addition to being untimely and introducing new material, the procedural and substantive issues raised by the Reply crystallize the need for oral argument here.

As an initial matter, the Reply should be struck because it was not timely filed. During the December 3, 2021 conference, the Court asked the SEC how long it wanted to submit its reply and gave the SEC precisely what it requested (a due date of December 24). Four days after TFL and Mr. Kwon filed their opposition papers, the central arguments of which had been previewed during the December 3 conference, the SEC asked Dentons whether TFL and Mr. Kwon would agree to extend the SEC's December 24 deadline, claiming that matters that arose after the conference with the Court justified the request. *See* Ex. A. Having assumed that the SEC's counsel's representations were true, TFL and Mr. Kwon consented to the extension as a professional courtesy. The SEC thus requested an extension (ECF No. 21), but the Court did not grant the extension by the time the SEC's reply was due. Upon further review, it appears that at least one reason offered by the SEC for the requested extension was not accurate: The possibility that SEC counsel would have oral argument in *SEC v. Morningstar Credit Ratings, LLC*, No. 1:21-cv-01359-RA, during the week of December 20, 2021 was known to SEC counsel before the conference in this case on December 3, 2021. On December 2, SEC counsel requested oral argument that week or just after the New Year in a joint letter to Judge Abrams (Ex. B), and Judge Abrams entered an order setting the argument for December 20 on December 3.

Sirote ► Adepetun Caxton-Martins Agbor & Segun ► Davis Brown ► East African Law Chambers ► Eric Silwamba, Jalasi and Linyama ► Durham Jones & Pinegar ► LEAD Advogados ► Rattagan Macchiavello Arocena ► Jiménez de Aréchaga, Viana & Brause ► Lee International ► Kensington Swan ► Bingham Greenebaum ► Cohen & Grigsby ► Sayarh & Menjra ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms

Moreover, the Reply attempts to introduce new material that is (a) unrelated to the core legal issue here (the SEC's compliance with its own rules) and (b) inadmissible because it is offered by an SEC lawyer without personal knowledge.

    a. Conspicuously absent from the SEC's reply is anything resembling a Rule 150(b) order. That confirms TFL and Mr. Kwon's key point — the SEC did not comply with its own rules.[1] The SEC tries to deflect attention from this point in its Reply by completely mischaracterizing TFL and Mr. Kwon's Rule 150(b) argument, including by asserting that Dentons "refus[ed] to accept service" at the addresses the SEC admits it received (*e.g.*, ECF 22 at 3-4). But because the SEC never asked Dentons to accept service, it cannot complain that Dentons "refus[ed]" a request the SEC never made. Indeed, for this to make any sense at all, the SEC would have had to tell Dentons about the subpoenas in advance, which the SEC concedes did not happen.

    b. The Second Landsman Declaration contains new material, and Mr. Landsman is not competent to offer testimony about any of it, not least because he has no personal knowledge about anything the SEC asks the Court to conclude from his declaration. *See Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) ("New arguments first raised in reply papers in support of a motion will not be considered."); *Hodge v. City of Long Beach*, 433 F. App'x 17, 19 (2d Cir. 2011) ("An affidavit or a declaration must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Together, these issues raise serious questions about whether the SEC has followed its own rules. The SEC's Reply should be struck, and if the Court does not strike it, then TFL and Mr. Kwon should be given until January 14, 2022 to file a sur-reply addressing the numerous issues created by the SEC's Reply, including providing substantive responses to the new factual submissions.

Finally, all of this highlights the critical importance of the Rule 150(b) and personal jurisdiction issues at the heart of this proceeding. TFL and Mr. Kwon have requested oral argument, and the record to date makes clear that because of the Rule 150(b) issue of first impression raised here, oral argument is necessary to create a full and complete record.

---

[1] This is not the first time the SEC has sought to distance itself from prior litigation positions, or taken internally contradictory positions, in a cryptocurrency-related proceeding in this District this year. *See SEC v. Ripple Labs, Inc. et al.*, No. 20-cv-10832 (AT) (SN), ECF No. 308 at 2-3 (describing the SEC's attempt to disavow substantive positions it had previously taken regarding the legal standard for aiding and abetting liability and internally inconsistent litigation positions).

December 28, 2021
Page 3

dentons.com

        Respectfully submitted,

        Dentons US LLP

        */s/ Douglas W. Henkin*

        Douglas W. Henkin

cc:    All counsel of record by ECF