

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
100 F STREET N.E.
WASHINGTON, DC 20549-5985

**DIVISION OF ENFORCEMENT**

James P. Connor
Trial Counsel
Direct Dial: 202-551-8394
connorja@sec.gov

December 29, 2021

**VIA ECF**
The Honorable J. Paul Oetken
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Response to Respondents' Letter-Motion for a Sur-Reply
      *SEC v. Terraform Labs PTE Ltd., et al.*, No. 2:21-mc-00810-JPO

Dear Judge Oetken:

The U.S. Securities and Exchange Commission ("SEC") respectfully responds to the "Letter-Motion For Leave To File a Sur-Reply," filed by Respondents Terraform Lab PTE, Ltd. and Do Kwon (collectively "Respondents") on December 28, 2021.  ECF No 23.

### A.   Respondents' Motion to Strike is Baseless and Should Be Denied

Respondents' letter-motion seeks to strike the SEC's Reply in Support of its Application for an Order Requiring Compliance with Subpoenas ("Reply Brief") because it was allegedly "not timely filed."  ECF No. 23 at 1.  The premise of Respondents' request is mistaken:  the SEC's Reply Brief was filed on time.  The Court ordered that the SEC's reply be filed within 7 days of Respondents' opposition brief ("Opposition), which was filed on December 17, 2021, meaning that the SEC's brief was set to be due on December 24, 2021.  *See* Trans., Dec. 3, 2021 Status Conf. at 12:11-13 (setting due date for reply brief as "a week" from Respondents' Opposition; December 3, 2021 docket entry (no docket number).  But December 24, 2021 was a legal holiday because Christmas Day fell on a Saturday, 5 U.S.C. § 6103, meaning that the due date for the SEC's brief was the following Monday, December 27, 2021, the same day it was filed.[1]  Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the

---

[1]  When December 25 previously fell on a Saturday (in 2010), this Court held that December 24, 2010 "was a legal holiday," such that a statutory deadline was extended to Monday, December 27, 2010.  *Doner-Hendrick v. New York Inst. of Tech.*, No. 11 CIV. 121 SAS, 2011 WL 2652460, at *6 (S.D.N.Y. July 6, 2011); *see also Federal Holidays*, U.S. Court of Appeals for the Second Circuit (https://www.ca2.uscourts.gov/clerk/calendars/federal_holidays.html) (listing December 24, 2021 as a "Federal Holiday"); *Court Holidays*, U.S. District Court for the Southern District of New York (https://www.nysd.uscourts.gov/about/holidays) (listing December 24, 2021 as the "Observed" court holiday for Christmas Day).

The Honorable J. Paul Oetken
December 29, 2021
Page 2

period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); ECF No. 23.  Because the Reply Brief was timely filed on December 27, 2021, the Court should deny Respondents' motion to strike.[2]

Respondents also *consented* to an extension of the Reply Brief deadline through December 31, 2021, ECF No. 21, even though they now claim the SEC's brief filed on December 27, 2021 is untimely.[3]  Sensing an opportunity because the Court has not yet ruled on the consent motion, Respondents now try to withdraw their consent (after the SEC relied on it) through an inaccurate recitation of the parties' discussions leading up to the consent extension request:

> [T]he SEC asked Dentons whether [Terraform] and Mr. Kwon would agree to extend the SEC's December 24 deadline, *claiming that matters that arose after the conference with the Court justified the request*.  See Ex. A.

ECF No. 23 at 2 (emphasis added).  The "Ex. A" relied upon by Respondents is a December 21, 2021 email from SEC counsel to Respondents' counsel, which never states – as Respondents wrongly claim – that SEC's counsel's other matters "arose after the conference with Court." *See also* ECF No. 23-1 (email from SEC counsel to Respondents' counsel) ("the request is prompted by my commitments in other cases, including a motion to dismiss argument on December 20, 2021 (*SEC v. Morningstar Credit Ratings, LLC*, 20-cv-01359-RA (S.D.N.Y.)), as well as a complaint filed in the District of Massachusetts on December 20, 2021 (*SEC v. Kliushin*, et al., Civil Action No. 21-CV-12088) (D. Mass))."

---

[2]  Even if the SEC's Reply was untimely (and it was not), there is no basis to strike it.  *See Castillo v. Stanley*, No. 19 CIV. 7072 (AKH), 2020 WL 5038611, at *3 (S.D.N.Y. Aug. 26, 2020) (denying motion to strike reply brief that was filed two days late because "[t]here has been . . . no prejudice that resulted from it.").  As in *Castillo*, there is no basis to strike the SEC's Reply Brief based on an alleged one-business day filing delay that occurred over the Christmas holiday, while a timely consent motion to extend the same deadline was pending.  *See* ¶ 3(C) of Your Honor's Individual Rules and Practices in Civil Cases ("All requests for adjournments and extensions of time shall be made at least 48 hours before the scheduled deadline or appearance."); ECF No. 21.

[3]  Respondents' use of a motion to strike allegedly late filings (after they consented to extend the deadline) is inconsistent with its own failure to timely file a declaration and six corresponding exhibits by the due date for their Opposition, December 17, 2021.  *See* Decl. of Stephan J. Senderowitz in Opposition to the Subpoena Enforcement Action, ECF No. 20 (filed on December 18, 2021 at 12:16 a.m.).  SEC counsel's practice is not to draw attention to these sort of issues out of professional courtesy (and we are not requesting that the Court strike the late-filed declaration and exhibits), but it is impossible to square Respondents' letter-motion to strike with its prior filing practice.

The Honorable J. Paul Oetken
December 29, 2021
Page 3

Respondents' misstatements continue: "at least one reason offered by the SEC for the requested extension was not accurate: The possibility that SEC counsel would have oral argument in *SEC v. Morningstar Credit Ratings*, LLC, No. 1:21-cv01359-RA, during the week of December 20, 2021 was known to SEC counsel before the conference in this case on December 3, 2021." ECF No. 23 at 1. Again, SEC counsel never stated to Respondents' counsel or the Court that SEC's counsel was "unaware of the possibility" that the Court could schedule a motion-to-dismiss argument in *SEC v. Morningstar Credit Ratings* the week of December 20, 2021. What SEC counsel wrote in the consent motion to extend – and stated to Respondents' counsel by telephone on the evening of December 21, 2021 (a conversation Respondents notably never mention) – was that the motion-to-dismiss argument "was scheduled after the status conference in this case," which is fully accurate. ECF No. 21 at 1. That the parties had proposed potential dates for the motion-to-dismiss argument before the status conference in this case only shows that the motion-to-dismiss argument had not yet been scheduled, just as we stated in our extension request. *Id.* Respondents next imply that the motion-to-dismiss argument *was* scheduled before the December 3, 2021 status conference in this case, but they are simply wrong. *Compare* Ex. A, Minute Entry for Proceedings, *SEC v. Terraform Labs PTE Ltd., et al.*, No. 2:21-mc-00810-JPO) (email from ECF system to SEC Counsel showing that the status conference concluded by 4:48 pm on December 3, 2021) *with* Ex. B (email from ECF system to SEC Counsel in *SEC v. Morningstar Credit Ratings, LLC*, No. 1:21-cv01359-RA, showing that the motion-to-dismiss argument was scheduled on December 3, 2021 at 5:54 pm).

And Respondents do not even attempt to address the other good cause discussed in the December 21, 2021 consent motion to extend, including (1) unexpected childcare duties due to the closure of his son's pre-school on December 22, 2021 due to a COVID-19 outbreak; and (2) the filing of an SEC complaint in the District of Massachusetts on December 20, 2021, an accelerated filing date that SEC counsel and his co-counsel did not learn about until December 16, 2021 and that they worked the weekend of December 18-19, 2021 to meet (SEC counsel explained all of this to Respondents' counsel by telephone on December 21, 2021). The Court should reject Respondents' efforts to revoke their consent to the SEC's motion to extend the deadline for the Reply Brief.

**B.     Respondents' Motion For a Sur-Reply is Meritless and Should Be Denied**

Respondents also seek leave to file a sur-reply, which Respondents argue should be due on January 14, 2022. But "[n]either the Federal Rules of Civil Procedure nor the Local Civil Rules of this court authorize litigants to file sur[-]replies." *Kapiti v. Kelly*, No. 07 CIV. 3782 RMB KNF, 2008 WL 754686, at *1, n.1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, No. 07 CIV. 3782 RMB KNF, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008). And ¶ 3(C) of Your Honor's Individual Rules and Practices in Civil Cases state that "[s]urreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause)."

The Honorable J. Paul Oetken
December 29, 2021
Page 4

    This is not an extraordinary situation.  Respondents merely seek to rehash the same arguments they have put forward in their Opposition and in numerous letters already filed with the Court.  *See, e.g,* ECF No. 23 at 3 (arguing that a sur-reply is necessary because the SEC's reply "confirms TFL and Mr. Kwon's key point — the SEC did not comply with its own rule.").  Respondents also argue that a sur-reply is necessary to address to "new factual submission" by the SEC, but the declaration to which Respondents refer addressed factual assertions contained in Respondents' Opposition, such as Respondents' unsupported (and inaccurate) assertion that Terraform "did not" market or sell mAssets or MIR Tokens to U.S. investors.  ECF No. 18 at 19.

    If the Court grants Respondents' letter-motion for leave to file a sur-reply, we request that the filing be limited to five pages and be filed by January 7, 2022.  *See Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir. 1983) ("subpoena enforcement proceedings are summary in nature."); *SEC v. First Sec. Bank*, 447 F.2d 166, 168 (10th Cir. 1971) ("Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced").  We also do not oppose Respondents' request for oral argument, but respectfully request that the Court set the argument shortly to allow the SEC to promptly obtain subpoenaed information and testimony relevant and important to its Mirror Protocol investigation.

                                           Respectfully submitted,

                                           /s/ James P. Connor
                                           JAMES P. CONNOR
                                           Trial Counsel
                                           U.S. Securities and Exchange Commission
                                           100 F Street, NE
                                           Washington, DC 20549
                                           Tel:  (202) 551-8394
                                           Email: connorja@sec.gov

cc:       All counsel of record by ECF