大成 DENTONS

**Douglas W. Henkin**

douglas.henkin@dentons.com
D    +1 212-768-6832

Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020-1089
United States

dentons.com

February 23, 2022

**VIA ECF**

Hon. J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:      *SEC v. Terraform Labs Pte Ltd. et ano.*, **Case No.: 1:21-mc-00810 (JPO)**

Dear Judge Oetken:

On behalf of Respondents Terraform Labs PTE, Ltd. ("TFL") and Do Kwon (collectively, "Respondents"), I write seeking a stay pending appeal, pursuant to Fed. R. App. P. 8, of this Court's Order (ECF No. 28) granting the application by the Securities and Exchange Commission ("SEC") to require compliance with investigative subpoenas.

The relevant factors for granting a stay pending appeal are whether (1) the applicant will be irreparably injured; (2) issuance will substantially injure the other parties interested in the proceeding; (3) the applicant has made a strong showing that he is likely to succeed on the merits; and whether (4) the stay is in the public interest. *Noel Pane v. Town of Greenburgh*, 2012 WL 12886971, at *3 (S.D.N.Y. 2012); *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir.2007). Although the first and third factors are the most important, "[t]he degree to which a factor must be present varies with the strength of the others; more of one [factor] excuses less of the other." *U.S. S.E.C. v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014); *see also Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009) (noting success on the merits and irreparable injury are the "most critical"). Here, each factor tilts in Respondents' favor.

*First*, ordering immediate compliance with the subpoenas will irreparably injure Mr. Kwon and TFL because they risk losing their ability to effectively contest the subpoenas. As this District has held, "[l]oss of appellate rights is a quintessential form of prejudice. Thus, where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 347–48 (S.D.N.Y. 2007). And as the Supreme Court has explained, that a court might later order the return of documents and other materials represents only a "partial remedy." *Church of Scientology of California v. United States*, 506 U.S. 9, 13 (1992). Thus, without a stay it would as a practical matter be too late to vindicate Respondents' rights and legal positions. *See id.* Requiring

Respondents to comply with the subpoenas (including providing testimony) while their appeal is pending would risk making the appeal academic. *See E.E.O.C. v. Quad/Graphics, Inc.*, 875 F. Supp. 558, 560 (E.D. Wis. 1995). This injury is particularly acute where a respondent might also be a target of the agency's investigation. *See Consumer Fin. Prot. Bureau v. Great Plains Lending, LLC*, No. CV142090MWFPLAX, 2014 WL 12685941, at \*19 (C.D. Cal. May 27, 2014) ("Respondents' disclosure of sensitive proprietary documents to the Bureau is a bell that cannot be unrung."). Indeed, the harm to Respondents' interests would be irreparable because there is nothing a court can do to withdraw knowledge or information the SEC would acquire once that information has already been divulged. *See Maxcrest Ltd. v. United States*, No. 15-MC-80270-JST, 2016 WL 6599463, at \*4 (N.D. Cal. Nov. 7, 2016). Further, for Mr. Kwon, a resident of Singapore, providing live testimony to the SEC would impose a burden that is both substantial and, by its nature, irreversible. Respondents would thus suffer irreparable injury absent a stay.

*Second*, a stay will not substantially injure the SEC. The SEC did not seek expedited handling of its application in this Court, and even sought an extension of its time to file reply papers. If Respondents are unsuccessful in the Second Circuit, "the only harm incurred will be a delay in the [SEC's] receipt of the information that it has requested. A delay will not result in substantial harm to other parties interested in this litigation." *Quad/Graphics*, 875 F. Supp. at 560. And although the SEC argued that subpoena enforcement actions should be "summary" in nature (ECF No. 10 at 2), that "interest must be balanced against [Respondents'] right to contest enforcement in federal court." *Maxcrest*, 2016 WL 6599463, at \*5. That is especially so when the appeal involves a threshold issue such as the interpretation and operation of SEC rules relating to the propriety of service of compulsory process.

*Third*, Mr. Kwon and TFL satisfy the likelihood of success factor. "A movant seeking a stay "'need not always show a "probability of success" on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.'" *Leroy v. Hume*, No. 20CV5325ARRCLP, 2021 WL 4350502, at \*3 (E.D.N.Y. Sept. 24, 2021) (quoting *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994)). Respondents have a "substantial case" for appeal. Respondents' appeal will present an issue of first impression in the appellate courts, Respondents have credibly asserted that the SEC violated its own regulations in attempting to serve the subpoenas personally on Mr. Kwon, and if Respondents are correct then the subpoenas are unenforceable under established law. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010) (granting stay pending appeal because "[the] appeal presents an issue of first impression," even though "the Court remain[ed] confident in the soundness of [its] reasons"). For example, Respondents respectfully submit that the interpretation of Rule 150(b) urged by the SEC and accepted by the Court—that filing a "notice of appearance" sufficient to trigger Rule 150(b) necessarily means agreeing to accept service of compulsory process—presents significant constitutional concerns. *See O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005) ("It is settled law that the government may not, as a general rule, grant even a gratuitous benefit on condition that the beneficiary relinquish a constitutional right."); *see also Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 328 (2d Cir. 2016) (personal jurisdiction represents the constitutional "right

dentons.com

February 23, 2022
Page 3

to be subject only to lawful power"). These issues should be addressed by the Second Circuit before the subpoenas can be enforced.

Similarly, "[p]ersonal jurisdiction is a matter of individual liberty," *Waldman*, 835 F.3d at 328, and the personal jurisdiction issues presented here are nuanced and complex; indeed, this Court found Respondents' arguments "understandabl[e] and quite persuasive[]." (Hr'g Tr. 41:22.) Aside from "tag-jurisdiction" over Mr. Kwon—an issue bound up with whether service was proper—Respondents have compelling arguments that the nature of their contacts, and in particular the attenuated relationship between those contacts and the subpoenas, renders the exercise of personal jurisdiction improper. *Compare Blockchange Ventures I GP, LLC. v. Blockchange, Inc.*, 2021 WL 308277, *1 (S.D.N.Y. 2021) (although plaintiff pointed to partnership between defendant and New York, "[p]laintiff has not shown that its causes of action *arise out of* the partnership"), *with Shanken Communications, Inc. v. Cigar500.com*, 2008 WL 2696168, at *6 (S.D.N.Y. 2008). ("[A]ll five of the claims arise from the operation of the Cigar500.com website and have *a substantial relationship* to the actual commercial transactions that Cigar500 conducts with its United States customers."). And as this Court has held, contracting with a company to host a website and potentially list a digital asset cannot establish personal jurisdiction. *Alibaba v. AlibabaCoin*, 2018 WL 2022626, at *5–6 (S.D.N.Y. 2018). This is critical here given the decentralized nature of the Mirror Protocol: "Personal jurisdiction 'must arise out of contacts that the defendant *himself* creates'" as opposed to "'contacts between … third parties and the forum … .'" *Damian v. Click Intelligence Ltd.*, No. 20CV11066 (DLC), 2022 WL 428194, at *3 (S.D.N.Y. Feb. 11, 2022) (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). Although this Court was not ultimately persuaded by them, Respondents' arguments are substantial, which means that this factor militates in favor of a stay.

*Fourth*, a stay is in the public interest. At stake are fundamental questions about how voluntary interactions with an executive agency relate to the operation of that agency's regulations; parties faced with requests to voluntarily cooperate with the SEC in the future will look to the outcome of this case in deciding how to respond to such requests. A delay to address the questions presented here regarding proper service of compulsory process, the operation of the SEC rules at issue, and personal jurisdiction would not "have an adverse impact on the public interest." *Quad/Graphics*, 875 F. Supp. at 560.

Respondents' appeal to the Second Circuit has been filed. In addition, Respondents reached out to the SEC in an effort to jointly propose an expedited briefing schedule to the Second Circuit, but the SEC indicated this morning that it does not "presently intend" to join in that request. *See* Attachment A.

大成 DENTONS

dentons.com

February 23, 2022
Page 4

For all the foregoing reasons, the relevant factors for a stay pending appeal weigh in favor of Respondents, and the Court should grant a stay pending completion of Respondents' appeal.

Respectfully submitted,

Dentons US LLP

*/s/ Douglas W. Henkin*

Douglas W. Henkin

cc:     All counsel of record by ECF