

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F STREET N.E.
WASHINGTON, DC 20549-5985

**DIVISION OF ENFORCEMENT**

James P. Connor
Trial Counsel
Direct Dial: 202-551-8394
connorja@sec.gov

February 24, 2022

**VIA ECF**
The Honorable J. Paul Oetken
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Corrected Response to Respondents' Letter-Motion for a Stay Pending Appeal
      *SEC v. Terraform Labs PTE Ltd., et al.*, 2:21-mc-00810-JPO

Dear Judge Oetken:

The U.S. Securities and Exchange Commission ("SEC") respectfully responds to the "Letter-Motion to Stay Pending Appeal," filed by Respondents Terraform Lab PTE, Ltd. and Do Kwon (collectively "Respondents") on February 23, 2022.  ECF No 31.

The Court should deny Respondents' stay motion because they have failed to satisfy any of the four relevant factors:  (1) likelihood of success on the merits, (2) irreparable injury absent a stay, (3) substantial prejudice to the other parties interested in the proceeding, and (4) the public interest.  *In re World Trade Center Disaster Site Litig.,* 503 F.3d 167, 170 (2d Cir. 2007).  Importantly, the "burden of establishing a favorable balance of these factors is a heavy one and more commonly stay requests will be denied."  *Barcia v. Sitkin,* 79 Civ. 5831, 2004 WL 691390, at *1 (S.D.N.Y. Mar. 31, 2004); *see also SEC v. Finazzo*, 18-mc-304, 2008 WL 1721517, at *2-6 (S.D.N.Y. Apr. 11, 2008) (denying respondent's motion to stay pending appeal an order enforcing an investigative subpoena); *SEC v. Daspin*, 557 F. App'x 46, 47-49 (2d Cir. Feb. 5, 2014) (Summary Order) (applying the same factors and denying appellant's motion to stay pending appeal a district court order enforcing an investigative testimony subpoena).  A stay is "not a matter of right, even if irreparable injury might otherwise result."  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted).  It is instead an "exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case."  *Id*. (citation omitted).

I.   **Respondents Are Not Likely To Succeed on Appeal**

The first factor is "whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170.  Respondents cannot meet this standard, because their efforts to evade the SEC's subpoenas will likely fail on appeal just as they did in this Court.  There can be no serious dispute that the SEC

The Honorable J. Paul Oetken
February 24, 2022
Page 2

properly served Respondents under SEC Rule of Practice 150(d) [17 C.F.R. § 201.150(d)], given that the SEC personally delivered the subpoenas to Respondent Kwon, the CEO of Respondent Terraform, while Mr. Kwon was in New York (thereby satisfying Rule 150(d)). And, even if the SEC was required to serve through counsel under Rule 150(b) (and it was not), the SEC electronically delivered the subpoenas to Respondents' counsel on the very same day it served Mr. Kwon, thereby satisfying Rule 150(b) and (c).[1] As the Court rightly concluded, Respondents' position "reflects a misreading of the SEC's rules." Tr. 40:10-11 (Feb. 17, 2022).

Respondents argue (at 3) that they meet the likelihood-of-success factor because the "appeal will present an issue of first impression in the appellate court." But Respondents cannot show a likelihood of success by *creating* an issue of first impression through asking a court to interpret rules in a manner that contradicts their plain, unambiguous terms. *Cf. Finazzo,* 2008 WL 1721517, at *2 ("[a]lthough the precise issue raised by [r]espondent is one of first impression in the Second Circuit, the Court concludes that [r]espondent is unlikely to satisfy his burden of showing" a likelihood of success). Furthermore, Respondents' reliance (at 3) on *Jock v. Sterling Jewelers, Inc.,* 738 F. Supp. 2d 445 (S.D.N.Y. 2010), is misplaced. In *Jock*, the court reasoned that the movant had shown a likelihood of success because the "appeal presents an issue of first impression that relates to the application of a newly minted rule by a sharply divided Supreme Court." 738 F. Supp. 2d at 447. No such novel issue or rule exists here: in issuing the Order, the Court relied on the unambiguous language of SEC Rule of Practice 150.

Respondents also suggest (at 2) that they are likely to succeed because the "interpretation of Rule 150(b) urged by the SEC and accepted by the Court—that filing a 'notice of appearance' sufficient to trigger Rule 150(b) necessarily means agreeing to accept service of compulsory process—presents significant constitutional concerns." In addition to never stating what those "constitutional concerns" are, Respondents get the issue backwards. Respondents *failed to file* a notice of appearance (or any equivalent), meaning that the SEC's service of the subpoenas on Mr. Kwon personally under Rule 150(d) while he was in New York was proper and presents no constitutional concerns. *See In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) ("[W]hen a potential witness comes to the United States it is neither unfair nor inappropriate under the statute to undertake his discovery here."); *Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir. 1995) ("personal service comports with the requirements of due process for the assertion of personal jurisdiction.").

---

[1] The transcript of the February 17, 2022 hearing refers to Rule 150(a), (b), and (c), instead of Rule 150(b), (c), and (d). *See, e.g.*, Tr. 39:15-40:11. For example, the transcript references Rule 150(a), but quotes Rule 150(b) (Tr. 39:17-19 and Tr. 39:23-40:2) and references Rule 150(c), but quotes Rule 150(d) (Tr. 39:20-22). Under Rule 8 of the SEC's Rules Pertaining to Investigations [17 C.F.R. § 203.8], service of subpoenas issued in formal investigative proceedings, such as the Mirror Protocol investigation, are required to be effected in the manner prescribed by SEC Rule of Practice 232(c) [17 C.F.R. § 232(c)], which in turn states that service shall be made pursuant to the provisions of Rule of Practice 150(b), (c), and (d) [17 C.F.R. §§ 201.150(b)-(d)].

The Honorable J. Paul Oetken
February 24, 2022
Page 3

    Respondents fare no better with their rehashed arguments (at 2-3) on personal jurisdiction. The Court plainly has jurisdiction over Mr. Kwon because he was served with the subpoenas while in the United States. *See Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) ("[Exchange Act] Section 27 [15 U.S.C. § 78aa] confers personal jurisdiction over a defendant who is served anywhere within the United States."); *Kadic,* 70 F.3d at 246–47 (2d Cir. 1995) (upholding exercise of personal jurisdiction over foreign national served with summons while physically present in New York) (citing *Burnham v. Superior Court of California,* 495 U.S. 604 (1990)).

    And Respondents never even discuss the litany of substantial contacts with the United States that the Court found was "clearly sufficient" to exercise specific jurisdiction over both Mr. Kwon and Terraform. Tr. 40:12-42:8 (discussing multiple contracts with U.S.-based entities, multiple Terraform employees located in the United States, among other contacts). Instead, Respondents recite the same cases they relied upon in their briefing that the SEC and the Court have already distinguished,[2] Tr. 41:21-42:3, and ignore the weight of authority showing that their contacts are more than sufficient to establish specific personal jurisdiction. *See Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 350 (S.D.N.Y. 2019) (exercising specific personal jurisdiction over co-founders of digital asset company when they "targeted the U.S. market in an effort to promote the sale of ATB coins, the very unregistered security at issue in this litigation"); *Goldfarb v. Channel One Russia*, 442 F. Supp. 3d 649, 664 (S.D.N.Y. 2020) (exercising personal jurisdiction over a Russian entity that "purposefully availed itself of the privilege of conducting business within the forum state by maintaining a studio and at least one full-time employee in New York and by distributing its programming to paying subscribers throughout New York"). In sum, Respondents have failed to make any showing—much less the required strong showing—that they are likely to succeed on appeal.

**II.    Respondents Will Not Be Irreparably Harmed Absent A Stay**

    Respondents argue (at 1) that they will be irreparably harmed because "they risk losing their ability to effectively contest the subpoenas." But that is not correct, as courts have repeatedly held that the provision of information pursuant to an administrative subpoena or a summons does not constitute irreparable harm for purposes of a stay pending appeal. *See, e.g., United States v. Sweet*, No. 80-5046, 1980 WL 4702, at *1 (5th Cir. Jan. 31, 1980) ("The alleged injury is not irreparable for nothing contained herein, of course, constitutes a ruling concerning

---

[2] Respondents bear little resemblance to the defendants in *Alibaba Grp. Holding Ltd. v. Alibabacoin Found*, in which the Court did not exercise jurisdiction in part because plaintiff did not establish that the supposed link to the forum (a website) had "actually [been] used to effect commercial transactions with customer in New York." 18-cv-2897, 2018 WL 2022626, at *4 (S.D.N.Y. Apr. 30, 2018) (citation omitted). The same is true of *Royalty Network Inc. v. Dishant.com, LLC*, in which the Court found no jurisdiction when the only alleged contact with New York was a website and the plaintiff had "no evidence that any New York resident actually engaged in any [ ] transactions" on the website. 638 F. Supp. 2d 410, 420 (S.D.N.Y. 2009).

The Honorable J. Paul Oetken
February 24, 2022
Page 4

the admissibility or inadmissibility in evidence of any documents that may be produced pursuant to the summons or of any evidence that might be discovered as a result of their production."); *Finazzo*, 2008 WL 1721517, at *4 ("[T]he compelled production of non-privileged documents in response to an administrative subpoena does not constitute irreparable injury warranting a stay pending appeal.") (citing *Sweet* and other cases); *cf. SEC v. Finazzo*, 360 F. App'x 169, 171 (2d Cir. 2009) (Summary Order) (affirming March 27, 2008 order enforcing SEC investigative subpoena and noting that respondent "will have an opportunity…to litigate issues relating to the admissibility of relevant evidence" if the Commission filed a lawsuit against him); *Daspin*, 557 F. App'x at 49 (denying appellant's motion to stay pending appeal a district court order enforcing an investigative testimony subpoena); *United States v. Bright,* No. 07-00311, 2008 WL 351215, at *3 (D. Haw. Feb. 7, 2008) ("The mere requirement to produce documents while an appeal is pending does not constitute sufficient harm to warrant a stay."); *McCammon v. United States*, 584 F. Supp. 2d 193, 198 (D.D.C. 2008) (finding no irreparable harm because "the IRS could be enjoined from using the subpoenaed documents in any administrative or court action if Petitioner's appeal is successful"); *JSC MCC EuroChem v. Chauhan*, No. 18-5890, 2018 WL 9650037, at *2 (6th Cir. 2018) ("Should we ultimately reverse the district court, we may ameliorate any harm by imposing protective conditions on the use of the evidence and testimony or requiring the destruction and/or return of the documents.").

Respondents also argue (at 2) that they will experience irreparable harm absent a stay "because there is nothing a court can do to withdraw knowledge or information the SEC would acquire once that information has already been divulged." But this Court has rejected that very argument. *In re Noguer*, 18-MC-498, 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019) ("The mere fact that information, once disclosed, cannot be 'undisclosed' is therefore not enough by itself to warrant a finding of irreparable harm.") (citation omitted); *Partners Value Arbitrage Fund LP*, 18-CV-5176, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018) ("[A] requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable."); *In re Gushlak*, 11-MC-0218, 2012 WL 2564466, at *7 (E.D.N.Y. Jan. 30, 2012) (noting that "the compelled production of non-privileged discovery material, standing alone, does not constitute irreparable injury warranting a stay pending appeal" and collecting cases), *report and recommendation adopted,* 11-MC-218, 2012 WL 1514824 (E.D.N.Y. Apr. 30, 2012); *see also, e.g., Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (holding that, even where the disclosure of trade secrets is at issue, irreparable harm is not to be presumed absent a showing that "a misappropriator of trade secrets will disseminate those secrets to a wider audience or otherwise irreparably impair the value of those secrets"). Respondents would thus not suffer irreparable harm absent a stay here.

### III.   A Stay Will Substantially Prejudice the SEC

A stay will substantially prejudice the SEC because it will continue to impede the Mirror Protocol investigation. *Finazzo*, 2008 WL 1721517, at *4 ("To the extent that the requested information is essential to the continued progress of the [ ] Investigation, a stay of enforcement of the March 26 Order may constitute substantial prejudice to the SEC."); *United States v.*

The Honorable J. Paul Oetken
February 24, 2022
Page 5

*Judicial Watch, Inc.,* 241 F. Supp. 2d 15, 18 (D.D.C. 2003) (noting that a stay of enforcement pending appeal may halt the progress of an administrative investigation, and therefore prejudice the government agency).  This is especially true here, when the very company and individual responsible for creating the Mirror Protocol and whose conduct the SEC is investigating – Terraform and Mr. Kwon – have continued to evade the validly issued and served subpoenas since September 2021.  The Court should not permit Terraform and Mr. Kwon to continue to evade compliance with the subpoenas by granting a stay, especially because subpoena enforcement actions are designed to be "summary in nature."  *Sprecher v. Graber*, 716 F.2d 968, 972 (2d Cir. 1983) (citation omitted); *see also SEC v. First Sec. Bank*, 447 F.2d 166, 168 (10th Cir. 1971) ("Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced.").

**IV.     The Public Interest Weighs Heavily Against A Stay**

There is no question that the public interest weighs strongly against a stay here.  *Finazzo*, 2008 WL 1721517, at *5 ("[T]here is a significant public interest in allowing government agencies, like the [Commission], to enforce federal securities laws.").  The SEC is investigating whether Mr. Kwon's and Terraform's involvement with the Mirror Protocol, MIR tokens, and mAssets violated registration and other related provisions of the federal securities laws.  The public has a strong interest in allowing the SEC to continue this investigation through receipt of the subpoenaed information, given that (1) Terraform and Mr. Kwon "promoted the Mirror Protocol and MIR tokens through Terraform's website, web application, social media accounts, interviews, and U.S. media," Tr. 40:20-22; (2) the MIR tokens are listed for sale on a U.S.-based trading platform, Tr. 40:23-41:2, and (3) the mAssets (which mimic U.S. securities like Apple, Inc.) developed through the Mirror Protocol are "plainly being offered to U.S. customers," Tr. 41:11-12.

For all of these reasons, the Court should deny Respondents' request for a stay pending appeal.

Respectfully submitted,

/s/ James P. Connor
JAMES P. CONNOR
Trial Counsel
U.S. Securities and Exchange Commission
100 F Street, NE, Washington, DC 20549
Tel:  (202) 551-8394
Email: connorja@sec.gov

cc:     All counsel of record by ECF

5